7063

## TAYLOR v. ATLANTIC COAST LINE R. R. CO.

AMENDING PLEADINGS—CAUSE OF ACTION—CODE OF PROCEDURE, 194.— Where a plaintiff makes the mistake of supposing one of his rights has been invaded by the defendant in one transaction or a series of transactions relating to the same subject, and discovers another and different right has in fact been invaded, it is within the power of the Court, when it appears to be in furtherance of justice, under sec. 194 of Code of Procedure, after new trial granted on appeal, to grant an amendment to the complaint inserting a new cause of action.

MR. JUSTICE JONES *dissents.*

Before HYDRICK, J., Colleton, March, 1908. Affirmed.

Action by Emily Taylor against Atlantic Coast Line Railroad Company. Upon motion to amend the complaint the Court permitted it amended by inserting in it the words printed below in italics:

9. "That upon arriving at said station of Green Pond, and while leaving the cars *and station* thereat, *and before she had a reasonable time to leave the same,* this plaintiff, in the presence of the employees of the defendant company at

the depot of said station, was surrounded by a drunken crowd of colored people, who violently pushed and jostled her, and abused her with menacing speeches, using profane, violent and obscene language, and that one of the employees of the defendant company ran off, telling plaintiff he was going for his pistol in order that he might protect this plaintiff, and at the same time leaving her alone in the midst of a great throng of negroes and never returned, and plaintiff was carried to a house, a distance of at least two hundred yards, by a colored woman, where the plaintiff begged to be cared for during the night, and was given lodging. *That the defendant knew of the dangerous and disorderly conduct of the negroes at said station on Sunday nights at that season of the year on the arrival of the trains on which the plaintiff took passage for and was returned to said station, and knew the danger to which the plaintiff would be exposed therefrom, and, although she was assured by the conductor of the train after she had passed said station that he would take her to Yemassee and return her to Green Pond and have her protected by an escort, who would see that she was safely cared for after her arrival at Green Pond, the said escort and agent made no effort to protect her from the aforesaid conduct and language of said negroes. That the acts and omissions above mentioned were caused by the NEGLIGENCE, recklessness and wantonness of the defendant's agents and servants.*

10. "That, as plaintiff is informed and believes, her brother-in-law was at the said station of Green Pond to meet her at the time she was carried thereby, and upon learning that plaintiff had not gotten off at said station, he immediately left for his home, a distance of about three miles from said station of Green Pond.

11. "That as a result of the *negligent,* wanton, gross and reckless conduct of the defendant, Atlantic Coast Line Railroad Company, utterly disregarding the rights of the plaintiff, in *negligently,* wantonly and recklessly carrying plaintiff by the station for which her ticket called, and the

station at which she requested to be put off, without so notifying her or without giving any of the notices usually given of the arrival of trains at said station informing passengers of their destination, and in not protecting plaintiff from the indignities placed upon her after her arrival at Green Pond depot from Yemassee, or by not taking her to some place of safety for the night, thereby causing great mental and nervous shock and anxiety to this plaintiff's injury, and to her damage ten thousand dollars."

From order granting this amendment, the defendant appeals.

*Messrs. W. Huger Fitzsimons, Peurifoy Bros., T. Moultrie Mordecai, Simeon Hyde, P. A. Wilcox* and *Henry E. Davis,* for appellant.

*Messrs. W. Huger Fitzsimons* and *Peurifoy Bros.* cite: 54 S. C., 99; 58 S. C., 468; 64 S. C., 490; 79 S. C., 270; 1 Ency. P. & P., 556.

*Messrs. Mordecai* and *Hyde* cite: 74 S. C., 333; 77 S. C., 434; 50 S. C., 397; 32 S. C., 142; 21 S. C., 221, 226; 75 S. C., 301; 63 S. C., 170.

*Messrs. Wilcox* and *Davis* cite: 21 S. C., 221; 32 S. C., 142; 57 S. C., 256; 52 S. C., 174; 31 S. C., 199; 49 S. C., 518; 66 S. C., 544; 72 S. C., 256, 419; 78 S. C., 481, 419; 79 S. C., 209; 70 S. C., 266; 71 S. C., 306; 72 S. C., 262; 74 S. C., 243.

*Messrs. Griffin & Padgett* and *C. C. Tracy,* contra. *Messrs. Padgett* and *Tracy* cite: 54 S. C., 99; 58 S. C., 468; 30 S. C., 564; 37 S. C., 335; 54 S. C., 114; 64 S. C., 490; 1 Ency. P. & P., 556.

November 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff at the trial in the Circuit Court on her original complaint recovered a verdict of ten thousand dollars. On appeal, the judgment was set aside and a new trial ordered. The nature of the action and the circumstances out of which the suit arose are set forth in detail in the former opinion, 78 S. C., 552, 59 S. E., 562. It is only necessary to say here that the original complaint was for punitive damages alone, under the allegation that the defendant, as a common carrier, wantonly and recklessly violated its duty to the plaintiff, as a passenger on its railroad, by not protecting her from indignities alleged to have been inflicted upon her at Green Pond, the station at which she left defendant's car, by a crowd of noisy and drunken negroes. The Supreme Court held there was no evidence of wanton or reckless violation of duty, and that the Circuit Court for that reason should have granted the motion for a new trial. The Supreme Court further held that the Circuit Court in charging that a carrier is bound to exercise the highest degree of care to protect a passenger, and that the relation of carrier and passenger continues after the passenger has left the train at his destination, until he has had a reasonable time to get. away, should have charged further that, when the injury complained of results from the acts of strangers on the station premises, "knowledge of the existence of the danger or circumstances from which the danger may have been reasonably anticipated is necessary to fix the liability of the carrier for damages sustained in consequence of failure to guard against it." For these errors a new trial was ordered.

Thereafter the plaintiff moved in the Circuit Court to amend her complaint in several particulars. The proposed amendments, which were allowed by Judge Hydrick, appear in italics in the amended complaint printed in the record. The effect of the amendments was to insert allegations that the wrongs suffered by plaintiff were inflicted while she was leaving the cars and station of defendant, and before she had a reasonable time to leave; that de-

fendant knew the danger to which the plaintiff would be exposed from the crowd of negroes; that its conductor promised her the protection of an escort, but the agent of defendant at Green Pond, who was provided as her escort, made no effort to protect her; and that the defendant's alleged breaches of duty were negligent as well as wanton and reckless. The defendant insists the amendment should not have been allowed, because the original complaint failed to state facts constituting a cause of action, and, therefore, there was nothing by which to amend. It requires no discussion to show that under the case of *Ruberg* v. *Brown,* 50 S. C., 397, 27 S. E., 873, on which defendant relies, the amendments, except that as to the charge of negligence, were allowed to cure and make complete a faulty and incomplete statement of a cause of action.

· The important point in the appeal is made by the objection that amending the complaint so as to charge as negligent the acts and omissions of defendant, described in the original complaint as wanton and reckless, was stating a new cause of action by amendment, and that the Code of Procedure does not allow an amendment which goes to the extent of bringing in a new cause of action. It is well settled that the amendment alleging negligence, where in the original complaint wantonness and recklessness had been charged, sets up a new cause of action. *Machen* v. *Tel. Co.,* 72 S. C., 256, 51 S. E., 697; *Baldwin* v. *Cable Co.,* 78 S. C., 419, 59 S. E., 67. There is as little doubt that when the cause was sent back from this Court to the Circuit Court for a new trial, the power of the Circuit Judge to grant amendments before the new trial was the same as if there had never been a trial. *Hall* v. *Woodward,* 30 S. C., 575, 9 S. E., 684; *Pickett* v. *Ry. Co.,* 74 S. C., 236, 53 S. E., 370. The power to allow amendments at this stage of the case is not affected by the fact that it is, as it should be, more difficult to convince a Judge that it would be in furtherance of justice to allow an amendment raising new issues, after the parties had been subjected to the expense

and delay of a trial in the Circuit Court and on appeal in the Supreme Court. The question then is, whether the Circuit Court had the power under sec. 194 of the Code of Procedure to allow an amendment setting forth a new cause of action. The cases in this State are irreconcilable and there is a great contrariety of opinion on the subject in other jurisdictions. A review of the cases was recently made by Mr. Justice Jones in *Knight* v. *Ætna Cotton Mills,* 80 S. C., 213, and further analysis would not be profitable. The important matter is to state a fixed rule on which the Courts and the bar may rely. Sec. 194 provides: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Under this section the power of the Court to allow amendment "by correcting a mistake in the name of a party or a mistake in any other respect" is unlimited, except by the obligation imposed by the statute on the Court to see that the amendment is in furtherance of justice, and that such terms are imposed as may be just. This power is conditioned on proof of a *bona fide* mistake in setting forth the plaintiff's rights and the defendant's invasion of them. Unless the amendment proposed relates to the same transaction or the same subject as the original complaint, then it is manifest the plaintiff can not claim to have made a mistake in the matter to which his pleading relates. When, however, the plaintiff makes the mistake of supposing one of his rights has been invaded by the defendant in one transaction or a series of transactions relating to the same subject, and discovers another and different right was invaded, it is within the power of the Court, when it appears to be in furtherance of justice, to grant the amendment though, in strictness,

the amendment amounts to a change of the cause of action, or the insertion of another cause of action.

The limitation of the power of amendment to conform the pleadings to the facts proved, that the amendment shall not change substantially the claim or defense, is by its terms applicable only to amendments proposed while the Court is hearing the evidence or after it has heard it, and not before trial.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES, *dissenting.* I am unable to concur in the view that sec. 194 of the Code permits the insertion of a new and distinct cause of action by amendment.

It is contended that the amendment allowed falls within the third class named in said section: "Correcting a mistake in the name of a party or a mistake in any other respect."

In the first place the record fails to disclose that the amendatory matter was omitted from the original pleading as the result of a *bona fide* mistake. In the second place, it is straining the language quoted to make it cover the insertion of allegations of a new and distinct cause of action. It would seem that the meaning of the language is simply to correct a mistake in the name of a party and in other respects relevant to the cause of action originally attempted to be stated.

This Court has repeatedly decided that sec. 194 does not allow the insertion of a new cause of action by way of amendment. *Ruberg* v. *Brown,* 50 S. C., 398, 27 S. E., 873; *Proctor* v. *Ry.,* 64 S. C., 491, 42 S. E., 427; *Sutton* v. *Catawba Power Co.,* 70 S. C., 270, 49 S. E., 863; *Pickett* v. *Ry.,* 74 S. C., 236, 54 S. E., 236; *Mfg. Co.* v. *Iron Works,* 75 S. C., 350, 55 S. E., 768.

The case of *Proctor* v. *Ry., supra,* expressly decides the very point involved, that a complaint alleging a wilful tort cannot be so amended as to allege also a cause of action based on more negligence.