### 7271

### BUIST v. WILLIAMS.

AMENDING PLEADINGS—COMPLAINT—PARTIES.—After filing report of master and exceptions thereto, the Court under Section 194 of Code of Procedure may permit a complaint, alleging that plaintiff has only a life estate in a trust fund with remainder to certain defendants, which is admitted by the said defendant, amended by alleging plaintiff, in addition to the life estate aforesaid in said trust fund, has an interest in remainder therein, that other persons not parties have an interest in remainder, and the said defendants have only a three-eighths interest in the fund in remainder and making the parties alleged to have an interest parties.

MR. JUSTICE GARY *thinks the order permitting amendment is not now appealable.*

Before DEVORE, J., Greenville, December, 1908. Affirmed.

Action by Eliza F. Buist against J. Hudson Williams *et al.* From Circuit order, J. Hudson Williams and William B. Williams appeal.

*Messrs. J. H. Hudson, Haynsworth, Patterson & Blythe,* for appellant. The latter cite: *Plaintiff can not now*

21—83

*contest the construction of the trust clause first adopted by
her:* 51 Am. St. R., 414. *Amendment changing substan-
tially the claim will not be allowed during trial:* 80 S. C.,
213; 64 N. E. R., 426. *Plaintiff's predicament is not result
of mistake:* 14 S. C., 324; 36 S. C., 578; 47 S. C., 393;
73 S. C., 202; 51 Tenn., 154; 46 N. H., 40; 49 S. C., 516;
51 S. C., 164; 4 Rich. Eq., 354; 28 S. C., 450; 57 S. C.,
266. *Plaintiff has not excepted to report of master as to
construction of trust:* Rule 30, C. C.; Code of Proc., 290,
294, 344, 345; 45 S. C., 262; 43 S. C., 318; 31 S. C., 202.

*Messrs. B. M. Shuman, Cothran, Dean & Cothran,*
contra. The latter cite: *Amendment permissible under
sec. 194, Code:* 80 S. C., 1; 49 S. C., 513; 51 S. C., 164; 1
Ency. P. & P., 603, 474; 81 S. C., 579. *As to construction
of trust deed:* 32 S. C., 563; 23 S. C., 512; 4 Rich. Eq.,
262; 1 Bail., 100.

August 10, 1909. The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY. This is an appeal from an order
allowing an amendment to a complaint.

The facts are thus stated correctly, in the argument of
the appellant's attorneys:

"In 1877 and 1897 the plaintiff signed, as surety, two
bonds given by her husband, the defendant, Hugh B. Buist,
for the performance of his duty as trustee of certain funds
entrusted to him by order of Court. To secure these bonds
she executed two mortgages upon certain land, standing in
her name. Desiring to cut this land into lots and sell it,
she now brings this action, asking that these mortgages be
removed from the land and transferred to other lands
owned by her, thus leaving this land clear of incumbrance so
that she can make good title thereto. This is resisted by
the defendants, J. Hudson Williams and William A.
Williams, upon the ground that the trust fund is larger than
is alleged in the complaint, and that the land proposed to be

so substituted would be inadequate to secure the trustee's bond.

"The pleadings raise a number of issues not touched by this appeal, which concerns one point only, namely, the granting of an order allowing an amendment.

"The plaintiff alleges in paragraph 1 of her original amended complaint that under the deed creating the trust in question the fund was to belong to her for life, and at her death to go to her issue; and she alleges in paragraph 2 'that the plaintiff has no issue, and in the events that have transpired, the defendants, J. Hudson Williams and William A. Williams, are the persons who will be entitled to the proceeds of said property, in the event of the plaintiff dying without issue, living at the time of her death, if they shall survive the plaintiff.' The answer of the defendants admits these allegations. The cause was referred to the master for Greenville county, who took voluminous testimony and filed his report on April 6, 1908, wherein, after stating that the plaintiff desired to have the liens of said mortgages transferred to other and less valuable lands, he found as follows: 'This proceeding is resisted on the part of J. Hudson Williams and William A. Williams, who will be entitled to this trust fund, by way of remainder, upon the plaintiff's death, provided no bodily heirs survive her.' To this report all parties excepted prior to April 16, 1908, but no exception was filed by any of said parties to the finding of the master above set forth.

"The master found that the trust estate was larger than had been alleged in the complaint, and that the prayer of the complaint could not be granted, unless the security offered to be substituted should be largely increased.

"On December 1, 1908, the presiding Judge signed an order allowing the plaintiff to strike out paragraph 2 of her first amended complaint, above set forth, and to amend said complaint by alleging in lieu thereof that upon the death of the plaintiff the corpus of the trust fund will

revert to the estate of the grantor of the trust deed, and will be distributable among his heirs at law. Under such a construction of the deed the plaintiff's heirs would take a three-eighths' interest in the remainder, the appellants and their mother, Mrs. Willie C. Williams (who is not a party to this proceeding), would take among them a three-eighths' interest, and one N. B. Davenport (who also is not a party to the proceeding) would take a one-fourth interest in such remainder.

"The plaintiff then, by her original and first amended complaint asserted that she had only a life estate in the trust fund, and no interest whatever in the remainder; she now seeks, by amendment, to set up, in addition to her life estate, a claim to a three-eighths' interest in the remainder, and to correspondingly cut down the appellants' interest in such remainder. Our position is, that it was error to thus permit her to enlarge her claim, under the circumstances, under which the order was granted.

"The order further allows the plaintiff to make Mrs. Willie C. Williams and N. B. Davenport parties to the cause. The order was granted on motion of plaintiff's attorneys, who, in their notice of such motion, said: 'this motion will be made upon the pleadings and all proceedings in this case, upon the ground of mistake in the construction of the trust deed and to conform the pleadings to the facts proved and to the law.' At the time the order was granted the cause was ready for hearing upon exceptions to the master's report, which exceptions had been filed more than seven months prior to the granting of the order appealed from."

While the amendment raises a question, which may ultimately affect the rights of the parties, in some future action, it, in no respect whatever, affects the merits of the case now under consideration. Therefore, it is not appealable. Section 11, Subdivision 1 of the Code.

Appeal dismissed.

MR. CHIEF JUSTICE JONES *and* MESSRS. WOODS *and* HYDRICK *concur upon the ground that the amendment was allowable within the discretion of the Court in furtherance of justice.    Taylor* v. *At. Coast Line R. R. Co.,* 81 S. C., 574, 62 S. E., 1113.