### 7326

### CROSBY v. SEABOARD AIR LINE RY.

1. JUDGMENT SUPREME COURT—RULE 27—VERDICT.—In an action for a wilful tort, a request for an instruction that there was no evidence of wilfulness is equivalent to a request to direct a verdict for defendant, and under Rule 27 of this Court reversal of the Circuit Court on ground of refusal of such request has same effect as directing a verdict for defendant.

2. AMENDING PLEADINGS.—There being no showing that plaintiff had made a *bona fide* mistake in not alleging a tort as negligent as well as wilful, there is no abuse of discretion in refusing a motion to so amend, made after three terms of Court intervening from time cause was remanded.

Before WATTS, J., Hampton, March, 1909.    Affirmed.

Action by Addie and H. S. Crosby against Seaboard Air Line Railway. From Circuit order, refusing motion to amend complaint, plaintiffs appeal.

*Messrs. J. S. Griffin, C. C. Tracy* and *W. S. Smith,* for appellant. *Messrs. Griffin* and *Tracy* cite: *Error to refuse motion:* 81 S. C., 574. *Rule 27 does not apply:* 81 S. C., 31; 82 S. C., 1.

*Messrs. J. W. Moore* and *Lyles & Lyles,* contra. The latter cite: *Under Rule 27 judgment of Supreme Court ended case:* 82 S. C., 1; 78 S. C., 381; 69 S. C., 331; 68 S. C., 99; Code of Proc., 12; 22 S. C., 313; 16 S. C., 300, 621; 14 S. C., 358, 585; 13 S. C., 33; 5 S. C., 262; 3 S. C., 335; 17 S. C., 217. *Omission of allegation is not due to bona fide mistake:* 81 S. C., 574; 82 S. C., 1. *Granting motion to amend is discretionary:* 61 S. C., 329; 59 S. C., 81; 58 S. C., 466; 51 S. C., 313, 412; 50 S. C., 459, 398; 48 S. C., 564; 32 S. C., 69; 18 S. C., 314; 41 S. C., 548; 31 S. C., 593; 21 S. C., 332; 16 S. C., 154, 235; 13 S. C.. 23; 9 S. C., 335. *No abuse of discretion in refusal:* 77 S. C., 467.

October 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The question involved in this appeal is whether this Court should reverse an order of Judge Watts, refusing motion to amend the complaint.

The plaintiffs recovered judgment in the Circuit Court for $5,000, under a complaint which aleged injuries sustained by Mrs. Crosby while alighting from defendant's moving train at Midway, Florida, in obedience to the "wilful, unlawful and reckless" direction of the conductor. From that judgment the defendant appealed; one of the exceptions alleging error in the refusal of the Circuit Judge to instruct the jury that there was no evidence of wilfulness or wantonness. This exception was sustained and the judgment of the Circuit Court reversed. It was further adjudged, in the former appeal, that inasmuch as the complaint alleged wilfulness and wantonness, and not negligence, there could be no recovery of actual damages, in the absence of evidence of wilfulness and wantonness. 81 S. C., 24, 62 S. E., 1113. The judgment of the Supreme Court was rendered 23d July, 1908. On 31st March, 1909, after three terms of the Court of Common Pleas in Hampton county had intervened, the plaintiff made a motion to amend the complaint, by making the additional allegation that the action of the conductor, in directing the plaintiff to alight, was negligent. The order of Judge Watts states the following as the reasons for refusing the motion to amend:

1. "That the judgment of the Supreme Court upon the appeal (81 S. C., 24, 62 S. E., 1113), under rule 27 of the Supreme Court, has the same effect as if the jury had returned a verdict for defendant under the request for error in refusing which the judgment of the Circuit Court was reversed, and that consequently the case is ended.

2. "That it fails to appear from the record on this motion that the said omission of the allegations of negligence in the original complaint was due to *bona fide* mistake on plain-

tiff's part, as required by the rule set forth in *Taylor* v. *A. C. L.*, 81 S. C., 574, 62 S. E., 1113.

3. "That it fails to appear that it would be in the furtherance of justice to allow the amendment, but, on the contrary, it appears that it would work great injustice, after plaintiffs have neglected to make this motion for such an unreasonable length of time."

The action was commenced after the adoption of the following, as rule 27 of the Supreme Court: "Whenever an appeal to this Court is sustained on the ground that a nonsuit should have been granted, or a verdict directed because of a total failure of evidence, or because the evidence could admit of but one inference, the reversal of the judgment shall have the same effect as if the nonsuit had been ordered or a verdict returned under the direction of the Circuit Judge."

As the action was founded exclusively on the allegation of wilfulness and wantonness, the request for an instruction that there was no evidence of wantonness or wilfulness was equivalent to a request for an instruction to find a verdict for the defendant. Therefore, under rule 27, when the judgment of the Circuit Court was reversed in the former appeal, on the ground that this instruction had not been given, the effect was the same as if a verdict had been rendered for the defendant. The case being at an end, when this judgment of the Circuit Court was reversed, the complaint could not be amended for the purpose of having a trial of another issue.

But, aside from this, the Circuit Court refused the motion on the additional grounds: (1) That there was no showing that the plaintiff had made a *bona fide* mistake in not alleging negligence in his complaint; and (2) that it did not appear to be in furtherance of justice to allow the amendment. As a general rule, it is within the discretion of the Circuit Judge to grant or refuse applications to amend. *Leesville Mfg. Co.* v. *Morgan W. and I. Works*, 75 S. C., 342, 55 S. E., 768; *Cousar* v. *Heath*,

*Witherspoon Co.,* 80 S. C., 466, 61 S. E., 973; *Taylor* v. *A. C. L.,* 81 S. C., 574, 62 S. E., 1113; *Buist* v. *Williams,* 83 S. C., 321. As indicated in *Garlington* v. *Copeland,* 32 S. C., 57, 11 S. E., 634, and *Taylor* v. *Atlantic Coast Line R. R. Co.,* 81 S. C., 574, this discretion should be exercised with caution in allowing amendments after parties have already been subjected to the expense and delay of a trial on the issues tendered in the complaint.

There is nothing to show an abuse of discretion in this case. The plaintiff had elected to go to trial, in an action of tort, on a complaint which charged against the defendant that it had wilfully and wantonly injured her. If she had chosen she might have alleged, in the same complaint, that the tort attributed to the defendant was committed negligently. The inclusion of the charge of negligence in such a complaint is so general in practice that there was good ground for the Circut Judge to infer that it was left out by intention, and not by any excusable inadvertence. Again, the record of the case on the former trial, with all the conflicting evidence and the delay in making the motion to amend, were important factors, which the Circuit Judge had a right to take into account in deciding whether the amendment would be in furtherance of justice. Taking all these matters into consideration, we are unable to find any ground for this Court to say there was an abuse of discretion on the last two grounds set out in the order.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in the result.*