8712

## HALSALL v. ATLANTIC COAST LINE R. R. CO.

1. APPEAL.—Where the record shows that "Judgment was entered and notice of appeal duly served" respondent is in no position to move dismissal of appeal on ground that there is no valid notice of appeal. Besides, the record shows the case was tried during the October term. Notice of appeal from judgment entered or to be entered served November 13. Order refusing new trial filed December 23.

2. MASTER AND SERVANT—FELLOW SERVANTS.—Under the evidence in this case the engineman and the brakeman piloting the engine in a switching yard are fellow servants acting under orders from the yardmaster, and where the brakeman is injured by the negligence of the engineman while performing the duties of engineman, the railroad company is not liable.

Before PRINCE, J., Charleston, October term, 1912. Reversed.

Action by John R. Halsall against Atlantic Coast Line R. R Co. Defendant appeals.

*Mr. W. Huger FitzSimons,* for appellant, cites: *Brakeman is a fellow servant with the engineman:* 25 S. C. 128; 40 S. C. 104; 77 S. C. 328; 78 S. C. 413; 12 So. 581; 71 N. E. 279; 109 U. S. 478; 149 U. S. 367.

*Messrs. Logan & Grace,* contra, cite: *Engineman and brakeman are not fellow servants under conditions here:* 77 S. C. 336; 71 S. C. 56; 72 S. C. 237. *Where the negligence of the master combines with that of the fellow servant to produce the injury:* 79 S. C. 502; 84 S. C. 283; 89 S. C. 529.

January 7, 1914. The opinion of the Court was delivered by

MR. JUSTICE FRASER. The first question to be considered in this case is the motion to dismiss the appeal on the ground that there is no valid notice of appeal. A verdict for plaintiff was rendered on the 6th of October, 1912. The case does not show when the Court adjourned, but the notice of appeal is dated "November 13th, 1912." The order refusing the new trial is dated "December 23, 1912." The notice of appeal is from "the judgment entered or to be entered."

The agreed case contains this statement: "Judgment upon the verdict was entered and notice of *appeal duly served.*"

We will proceed to consider the case.

Appellant's attorney thus states his case:

"This action was commenced March 9, 1911. The case came on for a second trial before Honorable George E. Prince, Circuit Judge, and a jury at the October term, 1912.

"The action is for damages for personal injuries to plaintiff, a brakeman in the service of the Atlantic Coast Line Railroad Company.

"The injury complained of was caused in the Charleston yard by a 'sidewiping' collision near a switch between engine 335, which plaintiff, as brakeman, was piloting through said yard, and a string of cars on an adjoining track which were being moved by a shifting engine. The suit was brought against the Atlantic Coast Line Railroad Company, John Cameron and G. L. Graham. John Cameron was conductor of the shifting engine and cars. G. L. Graham was engineer of the engine which was being piloted by plaintiff at the time of the accident.

"The verdict was against the Atlantic Coast Line Railroad Company alone. The accident occurred near a switch where two parallel tracks came together in the yard. It occurred about ten o'clock at night on August 5, 1910. The collision was caused by failure of engine 335 to stop before reaching the point of collision near the switch. Engine 335 was manned by G. L. Graham, the engineer, John R. Halsall, the plaintiff, a brakeman, and R. W. Hammock, fireman.

"Plaintiff, as brakeman, was upon the pilot on the front of the engine with his lantern and his duty was to pilot engine 335 through the yard by signalling to Engineer Graham and protecting by signals the movement of the engine. Graham, the engineer, was moving the engine, and his duty was to move the same in obedience to the signals from Halsall, the plaintiff. Graham and Halsall were co-operators in this work, each with a part to perform and the safety of each dependent upon the careful performance of the duty by the other. Engine 335 at the time of the accident was being moved from the round house through the yard for the purpose of being placed as the engine on train 222, a freight trian from Charleston to Columbia, S. C. This train—222 —was made up in this way every night. Under the rules of the company the yardmaster has charge of the yards where

trains are made up, of the men employed, and of the movement of trains and distribution of cars therein. While in the yard engineers and brakemen 'receive their instructions and must obey the orders of the yardmaster in regard to shifting and making up of trains.' The conductor of the train has no control and nothing to do with the movement until the engine is attached to his train as a part of it, and he has received his orders. The movement of the engine in the yard to make up the train is solely under the direction and control of the yardmaster. The yardmaster in such movement is the superior officer and bears precisely the same relation to the engineer and brakeman operating the engine that the conductor bears to them when the train is made up and operated out on the road. On this occasion Graham, the engineer, and Halsall, the brakeman, had received their orders from the yardmaster, as usual, for the movement of engine 335. They were fellow servants under the orders of the yardmaster. No conductor had charge of the engine crew of engine 335, or would have charge of them until that engine was attached to and became a part of train 222 under orders from the dispatcher's office.

"The yardmaster was the superior officer, and the brakeman, Halsall, and the engineer, Graham, were fellow servants. The undisputed testimony shows that the collision was caused either by plaintiff's own negligence or by the negligence of himself and Graham, the engineer, combined, or by the negligence of the engineer. In either event would the Atlantic Coast Line Railroad Company be responsible. The main contention of defendant is that the testimony disclosed the fact that plaintiff, the brakeman, and Graham, the engineer, were, as matter of law, fellow servants, and as the injury complained of happened through the negligence of one or the other or of both, there could be no recovery.

"Defendant proved, by cross-examination of plaintiff's witnesses, the rules of the company above referred to, and that if the accident did not happen through plaintiff's own

negligence, it must have occurred through the negligence of Engineer Graham, his fellow servant, and a nonsuit was asked for upon this ground and was refused. In refusing the nonsuit the Circuit Judge erroneously intimated his opinion that in a yard of the company, in the absence of any conductor, the company would be responsible for an injury to a brakeman caused by the negligence of the engineer. He erroneously excluded evidence of the railroad superintendent on the question of fellow servant. He erroneously refused to direct a verdict. By his charge he erroneously made the engineer the superior officer in control of the brakeman (notwithstanding the law and the rules of the company made them fellow servants under the control and orders of the yardmaster) by making the personal presence of the yardmaster on the engine the test of superiority. He erroneously charged that a man could be technically a 'fellow servant' and at the same time a 'superior officer,' or one having the right to control under section 15, article IX, of the Constitution. He erroneously construed the rules of the company in evidence. He refused to set aside the verdict which had no evidence to support it, was contrary to his charge, and was based upon testimony which showed that the injury received was the result of the negligence of a fellow servant.

"A verdict for $8,000.00 for plaintiff was rendered October 16, 1912, and, a new trial having been refused, judgment having been entered, a notice of appeal was given and the exceptions making the points above referred to were taken.

"We will attempt to argue solely that:

"The testimony shows, and the law is, that plaintiff, the brakeman, and Graham, the engineer, were fellow servants, and the railroad company would not be liable to one for an injury caused by the negligence of the other.

"The engineer on engine 335 had no right or authority to direct the movements of the brakeman."

The case shows the following extract from the rules:

"Rule 724. If a train is without a conductor, the engineman is charged with the duty of both engineman and conductor."

"Definition of train—an engine or more than one engine coupled with or without cars, displaying markers."

The respondent claims that the conductor and yardmaster were absent and in their absence the engineer was both "engineer and conductor," and that, inasmuch as the engineer was acting as conductor, his negligence was the negligence of the master. Even if the engineer were both "engineman and conductor," yet the question must be decided in favor of the appellant.

It is the duty to be performed and not the name of the officer that determines this question. Two of the specifications of negligence complained of were in the performance of the duties of engineer as engineer, and not in the performance of his duties of conductor that caused the injury. The engineer in the performance of the duties of engineer is a fellow servant. This was held in the case of *Pagan* v. *Southern Railway,* 78 S. C. 413, 59 S. E. 32.

The judgment of this Court is that the judgment of the Circuit Court is reversed and the case remanded for a new trial.