## 9070

### HALSALL v. ATLANTIC COAST LINE R. R. CO.

#### (85 S. E. 433.)

APPEAL AND ERROR. JUDGMENT ON APPEAL. RES ADJUDICATA. REMITTITUR.

1. APPEAL AND ERROR—JUDGMENT—RES JUDICATA.—The judgment of the Supreme Court, rendered on appeal, granting a new trial, operates as *res adjudicata,* and cannot be changed by the Court, after the remittitur has been sent down, and the Court has lost jurisdiction in the pending cause.

2. APPEAL AND ERROR—REMITTITUR.—The remittitur is stayed for ten days after filing judgment on appeal, during which time it is the

duty of counsel engaged in the cause, to call the attention of the Court to any supposed error in the judgment.

Before RICE, J., Charleston, April, 1914. Affirmed.

Action by John R. Halsall against Atlantic Coast Line Railroad Company. From an order refusing motion by defendant for an order carrying out the mandate of the Court on a former appeal by entry of a formal order dismissing the complaint, and for leave to enter up judgment for costs, defendant appeals.

*Mr. W. Huger FitzSimons,* for appellant.

*Messrs. Logan & Grace,* for respondent.

April 19, 1915.

The opinion of the Court was delivered by Mr. JUSTICE HYDRICK.

This is the second appeal in this case. The facts appear in detail in the opinion of the Court on the first appeal, 96 S. C. 308, 80 S. E. 467. As will be seen by reference thereto, plaintiff received judgment against defendant for $5,000.00 damages for personal injuries. In brief, the facts were as follows: Plaintiff, as brakeman, was on the pilot of an engine, piloting it through defendant's yards at Charleston for the purpose of attaching it to a freight train. Defendant, Graham, was engineer in charge of this engine, which was approaching another track on which a freight train, of which defendant, Cameron, was conductor, was being moved through the yard. Plaintiff saw the freight train, and saw that his engine was approaching too near it, and, according to his testimony, he signalled Graham, the engineer, to stop. Graham did not heed the signal, and, when plaintiff saw that a collision was imminent, he jumped

FOOTNOTE.—As to power of appellate Court to correct its judgment after it becomes final, but before remand to lower Court, see note in Ann Cas. D. 1297.

and was thrown under the freight train, and seriously injured. Defendant moved the Circuit Court for a non-suit and the direction of the verdict on the following grounds:

1. That there is a total absence of testimony to support the material allegations of the complaint.

2. Because the plaintiff's own testimony shows that whatever injury plaintiff received was the result of his own negligence.

3. Because plaintiff's own testimony shows that whatever injury he received was the result of the negligence of a fellow servant.

4. Because there is no testimony to show that the injury was the result of any negligence on the part of the defend-- ant in this case.

The only specifications of negligence alleged appear in the fourth paragraph of the complaint, and were as follows:

(a) In failing and omitting to give any warning whatever by lights, signals, or otherwise, of the presence of the train of box cars on said old main line track, and immediately in front of the engine on which said plaintiff was riding, and not in any way protecting, by lights or otherwise, what was the rear of said train as soon as each box car came upon said old main line track.

(b) In failing and omitting to stop or slow up said engine upon which said plaintiff was riding in response to the signals given by said plaintiff in order to avoid collision with said train of box cars.

(c) In failing and omitting to have said engine upon which said plaintiff was riding under such control that it could have been stopped without coming into collision with said train of box cars.

The sole contention of appellant on the former appeal was that its motion for nonsuit and direction of the verdict should have been granted on the ground that Graham and plaintiff were fellow servants. This Court sustained that

contention and held, in the opinion first filed, that two of the specifications of negligence (b) and (c), were as to the performance by Graham of his duties as engineer; that, as engineer, he and the plaintiff were fellow servants, and, therefore, no recovery could be had against the defendant for the negligence of Graham.

On petition filed by plaintiff for a rehearing, one of the grounds was that the Court had not considered the plaintiff's right to recover under specification (a) of negligence. The Court dismissed the petitions and in response to that contention, said: "The absence of light can not affect the case. The object of lights is to enable those whose business it is to look for the train to see the train. This train was seen in time to stop. Besides, there is no requirement that every box car of a train should be lighted."

Rule 27 of this Court is as follows: "Whenever an appeal to this Court is sustained on the ground that a non-suits should have been granted or a verdict directed because of a total failure of evidence or because the evidence could admit of but one inference, the reversal of the judgment shall have the same effect as if the nonsuit had been ordered, or a verdict returned under the direction of the Circuit Judge; provided, that this rule shall not be applicable when the cause of action was not barred by the statute of limitations at the time said orders were refused on Circuit, but would be barred at the time they were reversed by the Supreme Court."

The judgment of this Court on the former appeal was as follows: "The judgment of this Court is that the judgment of the Circuit Court is reversed and the case remanded for a new trial."

When the case went back to the Circuit Court, the plaintiff moved for a new trial under the judgment of this Court. The defendant moved for judgment dismissing the complaint with costs, under rule 27, *supra.*

The Court below was in a dilemma, not knowing whether to violate the mandate of this Court in the cause, or its rule. As the mandate and the rule were clearly inconsistent, and both could not be followed, the Court held that specification (a) did not seem to have been entirely disposed of, and that, as the case had been remanded for a new trial, he felt compelled to obey that mandate, and, therefore, refused defendant's motion.

Now, we are confronted by the dilemma. Shall we violate rule 27, under which the defendant was clearly entitled to an order for judgment of nonsuit, except for the peculiar wording of the judgment of this Court, or shall we violate the formal judgment which we have pronounced, and say that, notwithstanding we have ordered a new trial, the Court below erred in obeying that mandate?

In *Jones* v. *Ry.*, 65 S. C. 410, 43 S. E. 884, the Court said: "When such questions are decided, they become *res judicata*, and when the *remittitur* has been sent down, the Supreme Court loses jurisdiction, and cannot render a different decision upon the question decided (even if it should be convinced that there was error), so as to affect the partticular case in which the decision was rendered." (Citing numerous authorities.)

On petition for rehearing, suggesting that the doctrine of *stare decisis* and not that of *res judicata* was properly applicable in such cases, the Court adhered to the decision applying the doctrine of *res judicata*, and quoted with approval the principle announced in *Sanders* v. *Bagwell*, 37 S. C. 150, 15 S. E. 714, 16 S. E. 770, that the effect of a judgment of this Court granting a new trial was to place "the parties litigant in the same plight and condition they had been in before any trial of the action, with this restriction—that they could not again litigate the same matters that had been passed upon by this Court, as evidenced by the opinion of the Court, accompanying its judgments."

In *Crosby* v. *Ry.*, 83 S. C. 575, 65 S. E. 827, the action was founded upon an allegation of wilful tort. The Court was requested to instruct the jury that there was no evidence of wilfulness. The request was refused and the plaintiff recovered judgment. On appeal, this Court reversed the judgment on the ground that the request should have been granted. It was also adjudged that, as the complaint did not allege negligence, and as there was no evidence of wilfulness, plaintiff could not recover actual damages. When the case went back to the Circuit Court, plaintiff moved for leave to amend the complaint so as to allege negligence.

The motion was refused on the ground, among others, that the effect of the reversal of the judgment, under rule 27, *supra,* was the same as if the request had been granted and a verdict returned for defendant under the direction of the Court. On the second appeal, this Court approved the ruling, and said:

"As the action was founded exclusively on the allegation of wilfulness and wantonness, the request for an instruction that there was no evidence of wantonness or wilfulness was equivalent to a request for an instruction to find a verdict for the defendant. Therefore, under rule 27, when the judgment of the Circuit Court was reversed in the former appeal, on the ground that this instruction had not been given, the effect was the same as if a verdict had been rendered for the defendant. The case being at an end, when this judgment of the Circuit Court was reversed, the complaint could not be amended for the purpose of having a trial of another issue."

But it is argued, on the other side, that the judgment of this Court granting a new trial is also *res judicata,* and cannot now be changed, even by this Court, because it lost jurisdiction of the cause, when the remittitur was sent down, and the decisions cited by the Court in the opinion in *Jones* v. *Ry., supra,* sustain that contention.

It is also suggested that it was the duty of appellant to call the attention of the Court to any supposed error in the judgment before the remittitur was sent down. The remittitur is retained in the Court ten days after filling the judgment for that purpose. *Sullivan* v. *Speights,* 14 S. C. 358; *Carpenter* v. *Lewis,* 65 S. C. 400, 43 S. E. 881.

If every issue in the case had not been adjudicated, I would agree that, notwithstanding rule 27, the judgment of this Court granting a new trial should be carried out. But, as I see it, there is nothing left to try, unless we allow matters to be relitigated which have already been decided, which cannot be done under the decisions above quoted. For these reasons, I think the order appealed from should be reversed and the case remanded with instructions to grant a judgment of nonsuit.

But the majority of the Court are of the opinion that there was no error in refusing the motion for nonsuit, and that, in accordance with the judgment of this Court on the former appeal, plaintiff is entitled to a new trial.

It is, therefore, the judgment of this Court that the order appealed from be affirmed.

Affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur in the result.

MR. JUSTICE GAGE did not participate in the consideration of this case.