## 11666

### LAIRD v. ATLANTIC COAST LINE R. CO. *ET AL.*
### RICHARDSON v. SAME

#### (126 S. E., 135)

1. CARRIERS—PASSENGERS, SUING FOR FAILURE OF RAILROAD TO STOP, COULD NOT RECOVER FOR FAILURE TO PROCURE EMPLOYMENT, UNLESS RAILROAD HAD NOTICE.—Passengers, suing railroad for failure to stop at their destination, could not recover as damages loss sustained because prevented from procuring employment, in absence of evidence that railroad had notice that purpose of trip was to secure employment, such damage being special.

2. TRIAL—INSTRUCTION HELD NOT TO ASSUME THAT CONDUCTOR HAD PROMISED TO NOTIFY PASSENGER OF ARRIVAL AT DESTINATION.—In passengers' action for failure of railroad to stop at destination, instruction *held* not erroneous as against contention that it assumed that conductor had promised personally to notify passengers on their arrival at destination.

3. CARRIERS—INSTRUCTION HELD NOT TO REQUIRE CONDUCTOR TO GIVE PASSENGERS SPECIAL NOTICE OF TRAIN'S ARRIVAL AT THEIR DESTINATION.—In passengers' action for failure of train to stop at destination, instruction *held* not erroneous as against contention that it required conductor to give passengers special notice of arrival of train at their destination.

---

NOTE: On duty of carrier as to notification of passengers of arrival at station, see note in L. R. A., 1915C., 664.

Before SEASE, J., Bamberg, April, 1924. Reversed and remanded.

Consolidated actions by Chester Laird and D. D. Richadson against the Atlantic Coast Line Railroad Company and others. Judgment for plaintiffs and defendants appeal.

*Messrs. W. E. Free* and *Douglas McKay,* for appellant, cite: *Admission of testimony:* 89 S. C., 32; 116 S. E., 401; 61 Misc. Rep., 62; 40 Misc. Rep., 239; 87 So., 676; 84 S. W., 751; 108 S. E., 363. *Announcing arrival at stations:* 10 C. J., 829; 99 S. C., 426.

*Messrs. Ninestein & Baxley,* for respondents, cite: *Damages:* 105 S. E., 350; 89 S. E., 549.

January 21, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases were tried together on circuit and in this Court. The plaintiffs allege that they were traveling from Denmark, South Carolina, to Crescent City, in Florida; that at Jacksonville, Fla., they bought tickets to Crescent City, over the defendant's road, and notified the conductor that Crescent City was their destination, and asked to be notified when they reached Crescent City; that the conductor promised to notify them, but failed to do so; that there was no special notice to them, nor was there any general notice by calling out the station at Crescent City, and that they were carried on to Orlando, Fla., some 60 miles from Crescent City; that they had but little money with them; and that they were injured thereby. They alleged as a part of their damage the loss of a contract of employment at Crescent City, which would have paid them $50.00 per month.

The defendant offered testimony to show that Crescent City was announced, and a denial of a promise to personally notify the plaintiffs of the arrival of the train at Crescent City.

The trial Judge allowed the introduction of the testimony as to the loss of the contract of employment, over the defendant's objection, as he said, for the sole purpose of showing that the plaintiffs were traveling on business and not merely "on a lark." The jury found verdicts for the plaintiffs, and from the judgments entered thereon this appeal is taken.

The first exception is:

"(1) The trial Court erred in permitting testimony that the plaintiffs Laird and Richardson were going to Crescent City to take a job which would have paid $50.00 a month and which they were prevented from procuring by reason of being carried by such station; the error being that such testimony was inadmissible as supporting a finding of special damages when there was neither allegation nor evidence of notice to the appellant essential to support or warrant same."

This exception must be sustained. The damage was special, and there is no evidence that the defendant had any notice of the purpose of their trip.

In *Martin v. Railway,* 89 S. C., 33; 71 S. E., 237, we find:

"Appellant's first exception alleges error in the ruling that plaintiff could not prove what his business at Crosswell was and what was his loss in his business on account of the failure to stop the train at his station. The Court at first ruled that the testimony was incompetent because there was no allegation in the complaint that defendant had notice of the business engagement. This was a mistake, as the complaint alleges: 'The plaintiff gave the ticket collector, the agent of defendant, fifty cents and told the said agent to stop the train at Crosswell and let plaintiff off so that plaintiff could attend to plaintiff's business there.' This was sufficient to permit testimony as to notice of special loss arising from failure to meet the business engagement. But later the plaintiff renewed his effort to introduce testimony as to the loss from failure to meet the business engagement, and the Court ex-

.cluded the testimony on the ground that there had been no notice to the defendant, and, unless defendant had notice, proof as to such loss was inadmissible. The last ruling was upon the proper ground. We find nothing in the testimony to support the allegation that defendant had notice of the special engagement, and no assurance was given the trial Court that proof of such notice would be made. Plaintiff testified that when he paid the fare to the ticket collector he, plaintiff, said, 'I want to go to Crosswell,' but that he said nothing more then. No further testimony on this point was given. The general rule is that special damages cannot be recovered except upon allegation and proof that defendant had notice of the special circumstances at the time of the contract. *Kolb v. Southern Railway,* 81 S. C., 536; 62 S. E., 872. *Berley v. Seaboard Air Line Ry.,* 83 S. C., 411; 65 S. E., 456."

This exception is sustained.

II. The second exception is:

. 2, 3 "(2) The Court charged as follows: 'The conductor or operators of the train are required under the law to notify a passenger when he reaches his destination, and if he fails to do that then the railroad has not performed its duty. But if you find in this case that the conductor, or some one on the train, notified the plaintiffs of their arrival at Crescent City, then the railroad has performed its duty fully under the law, but if they failed to notify them, and by that reason the parties are transported beyond their destination, they are entitled to a verdict for nominal damages. But, if they suffered substantial damages by reason of the alleged negligence of the company, its agents and servants, then they would be entitled to damages that would cover their loss or injury.'

"This constituted error in that: (a) Under the issues of this case it amounted to a charge upon facts, since it assumed the accuracy of plaintiffs' contention that the conductor had promised personally to notify them on their ar-

rival at Crescent City; (b) it further constituted error in that the law imposes upon the carrier the duty only to make reasonable announcement in the coaches of the destination of passengers and does not require it to notify a passenger."

This exception cannot be sustained. It was not a charge on the facts. His Honor did not charge that special notice should have been given. The issue was clear cut. Was the station announced? Was any notice given? The jury could not have been misled.

The judgment is reversed and a new trial is ordered.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.