## 12034

### LAIRD v. ATLANTIC COAST LINE RAILROAD COMPANY
### RICHARDSON v. SAME

#### (134 S. E., 220)

1. CARRIERS.—In action against carrier for damages for carrying passengers beyond destination, submission of question of punitive damages was error, where there was no evidence of willfulness.

2. TRIAL.—Charge in action for damages for carrying passengers beyond destination, as to duty of trainmen on discovery of mistake, *held* not objectionable as charge on facts.

3. APPEAL AND ERROR—PERMITTING AMENDMENT OF PLEADINGS ON SECOND TRIAL WITHOUT FIRST REQUIRING PAYMENT OF COSTS OF FIRST TRIAL HELD WITHIN COURT'S POWER.—After reversal of judgment in actions for damages for carrying passengers beyond destination, permitting plaintiffs to amend the complaints to set up special and punitive damages, without first requiring that costs on former trial and appeal be paid, *held* within power of Court.

4. APPEAL AND ERROR.—Where verdict separately assessed actual and punitive damages, Court on appeal to correct error in submitting question of punitive damages to jury, was authorized to reverse judgment in part only.

Before DENNIS, J., Bamberg, November, 1925. Affirmed in part and reversed in part.

Separate actions by Chester Laird and D. D. Richardson against the Atlantic Coast Line Railroad Company. Judgment in each case for the plaintiff and defendant appeals.

*Messrs. W. E. Free* and *Douglas McKay,* for appellant, cite: *Submission to jury of issue not raised by pleadings erroneous:* 114 S. C., 297; 103 S. E., 534; 106 S. C., 368; 91 S. E., 380; 101 S. C., 29; 85 S. E., 157; 85 S. C., 350;

67 S. E., 289; 84 S. C., 399; 63 S. E., 274; 84 S. C., 117; 65 S. E., 987; 76 S. C., 529; 57 S. E., 543. *More than mere surmise necessary to establish tort:* 90 S. C., 507; 73 S. E., 1017. *Duty of minimizing damage:* 129 S. E., 833; 98 S. E., 793; 90 S. C., 507; 73 S. E., 1017; 75 S. C., 355; 55 S. E., 771; 72 S. C., 243; 51 S. E., 919. *Cases distinguished:* 97 S. C., 278; 81 S. E., 519; 83 S. C., 448; 65 S. E., 628; 79 S. C., 151; 60 S. E., 441; 77 S. C., 370; 58 S. E., 3; 35 S. C., 493; 14 S. E., 943.

*Messrs. Ninestien & Baxley,* for respondent cite: *Duty of carrier to return passenger carried beyond his destination:* 14 S. E., 943; 108 S. E., 690. *Duty of carrier to right a wrong known to have been done passenger or be liable for punitive damages:* 120 S. E., 369; 77 S. E., 1017; 65 S. E., 628; 60 S. E., 441; 48 S. E., 252; 42 S. E., 598. *Hypothetical charge not error:* 60 S. E., 307; 55 S. E., 124; 48 S. E., 302; 41 S. E., 458; 41 S. C., 456. *Amendment of pleadings properly allowed without payment of accrued costs on being sent back for second trial:* 126 S. E., 520; 62 S. E., 1114; 54 S. E., 375; 9 S. E., 684.

July 16, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is the second appeal taken by the defendant in these two cases. The decision, reversing the judgments of the lower Court in favor of the plaintiffs on the first trial of these cases, was filed January 21, 1925, and reported in 130 S. C., 368; 126 S. E., 135.

The plaintiffs, by their complaints, alleged that on October 17, 1921, they left Denmark, S. C., and went to Jacksonville, Fla.; that at Jacksonville they bought tickets over the defendant's line of road to Crescent City, Fla., and became passengers on the road of the defendant; that at the time

they purchased tickets from the agent of the defendant they notified him that they were going to Crescent City for the purpose of taking a position there, and had to be there on the following day, and were notified by the agent that the train on which they were going would take them to Crescent City; that the plaintiffs went into smoker and remained there the entire time; that they had never been to Crescent City, Fla., before, and were entirely dependent upon the defendant's agents to notify them when they reached that city; that they were not notified by the defendant when the said Crescent City was reached, but that they (the plaintiffs) were taken by the defendant for a distance of 60 miles beyond their destination to Orlando, Fla., and that plaintiffs did not know then that they had been carried beyond their destination until it was too late to speak to the conductor about it; that, when plaintiffs finally reached Crescent City, the positions which had been offered them there were no longer open to them; and that by the negligent, careless, and wanton acts of the defendant, as alleged in the complaint, they were greatly damaged in loss of money and of time.

After the first appeal, in which this Court granted the defendant a new trial, and—

"over the objection of the defendant, based upon the ground that no amendment should be allowed or further action taken in the cases until the plaintiffs had paid up the costs of $123.60 that had accrued and been taxed in favor of the defendant, the plaintiffs were permitted by Judge W. H. Townsend to amend their complaints so as to set up pleas for special and for punitive damages. The causes of action by Laird and Richardson are identical in every particular, and were tried together at the November, 1925, term of the Court of Common Pleas for Bamberg County, before his Honor, Judge E. C. Dennis, and a jury, verdicts having been rendered in each case for $132.50 actual damages and

$500 punitive damages. Motions for nonsuit, for direction of verdict, and for new trial on the ground that there was not evidence sufficient to warrant the finding of punitive damages, were made and overruled. Notice of intention to appeal from judgment entered on the verdict was duly served and the cases are properly before this Court for determination."

The defendant by its first exception complains of error on the part of the trial Judge as follows:

"(1) His Honor, the trial Judge, erred in submitting to the jury the issue of willfulness warranting the award of punitive damages, since there was not sufficient evidence to warrant such a finding."

This exception must be sustained. An examination of the testimony can lead to but one conclusion, and that is that the Circuit Judge should have granted the motion of the defendant for a directed verdict as to punitive damages. No inference of any willful or wanton conduct on the part of the conductor or other agents of the defendant can be drawn from the testimony. While the issue of negligence was properly submitted to the jury, there being no testimony tending to show willfulness or wantonness on the part of the defendant or its agents, the trial Judge committed error of law in submitting to them the question of punitive damages.

The appellant complains of error by his second exception as follows:

"(2) His Honor erred· in charging the jury as follows:

" 'Now, when the railroad company found that they had carried these passengers 60 miles beyond destination, and if it was through the negligence of the railroad company in not calling out the station, then it is up to them to try and get the people to the station where they wanted to go without extra cost. The question is one of fact for you. If

you find that the flagman found these people there, and found
out that they had come that far beyond their station, and
it was the fault of the railroad company that they were not
notified so that they could get off at their station, it would
be his duty, or the duty of the conductor, to take some
steps, as I have told you, and, if the flagman notified the
conductor, and nothing was done, and no effort made, that
might be so indifferent to the rights of these people that
you could find that it amounted to willfulness. The facts
are for you, and I don't mean to charge you on the facts.
If you conclude from the testimony that the conductor found
these people and did try to do all he could for them, and
offered them transportation, etc., and they walked off and
left, of course the railroad would not be liable for punitive
damages, because the conductor was doing what he thought
he should have done.'

"This amounted to an instruction on the facts, contrary
to the provisions of the Constitution, in that the jury was
instructed that certain acts that might have been committed
by the conductor might have amounted to willfulness; and,
further, the charge was extremely prejudicial to the defend-
ant."

This exception cannot be sustained. A careful reading
of the charge complained of shows that the Court stated
nothing as a fact except what was admitted and undisputed.
His statements as to disputed facts were all hypothetical.
No conclusion can be drawn from his charge what his idea
of the case was as to the disputed facts; but, on the con-
trary, he specifically charged the jury that the facts were for
them.

The defendant complains by its third exception as
follows:

"(3) His Honor, Judge W. H. Townsend, erred
in permitting the plaintiffs to amend their complaints in
order to set up special damages and punitive damages with-

out first requiring that the costs which had accrued on the former trial and appeal be paid."

This exception is overruled. Judge Townsend under the law had power and authority to allow the amendment as he did, and there is nothing to show that he did not do so in furtherance of justice or that there· was any abuse in such exercise of his discretion. *Knight, Yancey & Co. v. Ætna Cotton Mills,* 80 S. C., 213; 61 S. E., 396. *Taylor v. Ry. Co.,* 81 S. C., 574; 62 S. E., 1113. *Sims v. Mut. Life Ins. Co.,* 103 S. C., 214; 87 S. E., 999.

Upon the consideration of the exceptions of appellant, it appears that the only errors of law disclosed by the record relate to the question of whether, under the evidence, the plaintiffs were entitled to punitive damages; and, as the jury, in each of the cases, by their verdict assessed separately the actual damages and the punitive damages, this Court may affirm or reverse the judgments in part for the purpose of curing or correcting the errors of the Trial Court in submitting the question of punitive damages to the jury. *Massey v. Director General,* 117 S. C., 1; 108 S. E., 181. *Currie v. Davis, Agent, etc.,* 130 S. C., 408; 126 S. E., 119.

Therefore the judgment of this Court is that so much of the judgment of the Circuit Court as is for $132.50 actual damages, assessed in each of the said cases, be affirmed, and that so much of the judgment in each of the said cases as is for $500 punitive damages be reversed.

Messrs. Justice Watts, Cothran and Blease, concur.

Mr. Chief Justice Gary did not participate.