### HELLAMS & GRAY v. PRIOR.

DEFENSE—LACHES.—The delay which might otherwise constitute laches may be explained or excused by showing that it was caused by an effort to settle without resort to law, or at instance of defendant in requesting time to pay.

Before BENET, J., Laurens, October, 1901.    Affirmed.

Foreclosure by Hellams & Gray against H. G. Prior. John W. Carlisle, as executor of Simpson Bobo, intervened by petition and was made a party defendant, and in his answer sets up an equitable mortgage against the lands in question, his testator being the assignee of E. M. Cooper, who sold the land originally to Prior, and who had given him bond for title.    At instance of Carlisle, executor, the heirs at law of Cooper were also made parties defendant. The following is the Circuit decree:

"On January 1, 1873, E. M. Cooper sold the defendant, Prior, the lands described in the complaint, which was part of a tract of 400 acres conveyed to him by J. B. Gray by deed, dated December 10, 1869.    He gave Prior his bond for titles on payment of the purchase money, for which he took Prior's notes.    Under this contract, Prior went into the possession of the land and has since remained in possession.    On March 17th, 1875, Cooper assigned Prior's notes to S. Bobo, and indorsed upon Gray's deed to him the following: 'For value received, I assign to S. Bobo, or his assigns, 256 acres of the within tract of land, the balance having been conveyed to E. Patterson.    I have given my bond to S. T. Prior and

H. G. Prior for titles to the remainder when they pay the balance of $1,447.85, and ten per cent. interest thereon; and if the same is paid by the 25th of December, then they are to have titles to the land; otherwise, the land is the property of S. Bobo, or his assigns. Witness my hand and seal, March 17th, 1875. (Signed) E. M. Cooper. [L. S.] Attest: Mark Cooper.'

"On December 12th, 1883, Prior gave Bobo his obligation, of which the following is a copy: '$770. By the 4th of November next, I promise to pay Simpson Bobo, or order, $770, with interest at ten per cent. from 4th of November last, balance for the land whereon I live, containing 170 acres, more or less. Now, if I fail to pay the above amount when due, I am to pay rent for the next year, 1884, one-third of all that is made on the premises, and give possession on demand. Value received December 12th, 1883. (Signed) H. G. Prior. [L. S.]'

"Between the date of Cooper's assignment and Prior's obligation above, there were frequent negotiations between Prior and Bobo relative to the land, but it will not be necessary to notice them in detail. On January 16th, 1884, Prior gave the note and mortgage set out in the complaint. The heirs of Cooper admit in their answer that their ancestor intended by the indorsement on his deed from Gray to convey to said Bobo the title to said land and notes, and that he did thereby subrogate him to all his rights and equities therein, and they disclaim any interest in the premises. There is no issue between the plaintiffs and the defendant, Carlisle. Plaintiff's attorney concedes, in his argument, that claiming under Prior, their rights depend upon his.

"Prior's defense to the claim of plaintiffs is, that it has been paid. The burden of proof is upon him to establish this defense. The testimony on this issue was taken before me in open Court. It was very indefinite and unsatisfactory, and in some particulars self-contradictory, while in others it was inconsistent with the undisputed facts and circum-

stances.   It does not satisfy me that the plaintiff's debt has
been paid.

"Against the claim of the defendant, Carlisle, the defend-
ant, Prior, pleads want of consideration, payment, presump-
tion of payment from lapse of time, adverse possession, the
statute of limitations, and laches of Bobo and of his executor.
On this branch of the case counsel for both parties agreed,
at the hearing, to admit as evidence in this case all the rele-
vant and competent testimony, oral and documentary, set
out in the printed brief, upon which the appeal was heard
by the Supreme Court in the ejectment proceedings, begun
in 1896, by the defendant, Carlisle, against the defendant,
Prior.   Laches was the defense chiefly relied upon in the
argument.   In the 18th A. & E. Ency. L. (2 ed.), at page
97, laches is defined as follows : 'Laches is such neglect or
omission to assert a right as, taken in conjunction with lapse
of time, more or less great, and other circumstances causing
prejudice to the adverse party, operates as a bar in a court of
equity.'   On page 101, the same authority says : 'It has been
held that so long as the relative positions of the parties are
not altered to the defendant's prejudice, delay is of very little
consequence.'   From the foregoing, it will be seen that
something more than mere lapse of time is implied in the
term laches.   Ordinarily, there must be 'other circumstances
causing prejudice to an adverse party,' which would make it
inequitable to grant the relief prayed for.   The evidence in
this case does not disclose any such circumstances.   On the
contrary, it shows that the delay complained of was due
mainly to the defendant, Prior's, repeated and urgent appeals
for more time in which to pay for his place, and to his ina-
bility to meet his obligations.   Time is frequently of great
advantage to a debtor, and an indulgent creditor will not be
prejudiced, in equity, because he has yielded to his debtor's
request for delay and has not pressed him while in embar-
rassed circumstances.   In the 18th A. & E. Ency. of L. (2d
ed.), 111, it is said : 'Where positive evidence exists which
proves that the defendant has all along recognized the plain-

tiff's rights, delay on the part of the plaintiff in bringing
the suit will be excused.  When the plaintiff's delay has
taken place in pursuance of an agreement with the defendant
that the latter will not take advantage of it, or under such
circumstances as to show an acquiescence therein by the de-
fendant, no laches can be imputed to the plaintiff for his
failure sooner to commence the suit.  A party cannot take
advantage of the delay he has himself caused or to which
he has contributed.'  In this case Prior both sought and
acquiesced in the delay.  In his agreement with Bobo and in
his letters to him, Prior always acknowledged himself debtor
to Bobo for the land, and in several of them he agreed to be
his tenant.  By his obligation of December 12th, 1883, the
defendant waived all laches prior to that time, if there had
been any.  That obligation was not due until 4th of Novem-
ber, 1884, and, by its terms, if he failed to pay the amount
when due, he had the right to remain on the land the year
following (1885), as tenant to Bobo.  According to his own
testimony, he made a very short crop in 1884—not enough to
pay the lien on it for supplies, for which purpose it was all
turned over to the plaintiffs.  After the death of Bobo, in
December, 1885, the defendant, Carlisle, wrote Prior several
letters pressing him for a settlement.  In his answers, two of
which are in evidence, Prior excuses his failure to pay on
account of short crops, and in his letter of March 14th, 1887,
he says: 'I did not make enough to pay my last year's fur-
nishing bill.  Crops were a complete failure.  Hoping you
will bear with us, and I will do all in my power to make
a full payment this fall.'  Surely the debtor should not be
heard to complain of his creditor's delay in response to such
an appeal, made under such circumstances.  After failing in
repeated efforts by correspondence to get Prior to a settle-
ment, the defendant, Carlisle, about 1890 or '91, went to his
home in Laurens County, to see him and have some definite
understanding with him about the matter.  He claimed that
he was entitled to some credits, but that his papers were at
his house, he being at the time in the farm some distance

from the house. Mr. Carlisle agreed to give him credit for all payments made since the date of the note, and he was to take his papers and receipts to Spartanburg and make a settlement, but failed to do so. Finally, the defendant, Carlisle, on November 15th, 1895, gave Prior notice to quit, under the supposition that he was a tenant by the terms of the contract of December 12th, 1883. Upon his refusal to obey this notice, the ejectment proceedings before referred to was begun on March 23d, 1896. The magistrate issued a writ of ejectment, which was affirmed by the Circuit Court on appeal, but on appeal to the Supreme Court, the whole proceeding was dismissed for want of jurisdiction—48 S. C., 183. By this litigation the matter was kept in the Courts until the spring of 1897. In August of that year, this action was begun, and the defendant, Carlisle, intervened for the purpose of asserting his rights. The delay, which might otherwise constitute laches, may be explained or excused by showing that it was caused by an effort to settle without resort to law, or by litigation, in which the matter at issue was involved. 18th A. & E. Ency. (2d ed.), 110-112. The foregoing and other facts and circumstances, which we need not detail, sufficiently and satisfactorily explain and excuse the delay, and the defense of laches must be overruled.

"The defenses of want of consideration and payment, are not sustained by the evidence, and the others hereinbefore mentioned, cannot avail the defendant. *Blackwell* v. *Ryan,* 21 S. C., 112."

From this decree the defendant, Prior, appeals.

*Mr. W. H. Martin,* for appellant, cites: *To prevent adverse possession, the entry must be under the party claiming the right to the land:* 4 S. C., 590. *Decreeing specific performance is within discretion of Circuit Judge, and should not be enforced where there is long delay:* 21 S. C., 124.

*Mr. F. P. McGowan,* for plaintiff, contra (oral argument).

*Messrs. Hydrick & Wilson,* for other defendants, contra (oral argument).

June 21, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are set forth in the decree of his Honor, the Circuit Judge, which will be reported. The reasons assigned by the Circuit Judge and the authorities cited by him, are satisfactory to this Court in disposing of the questions presented by the pleadings.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.