6727

### JONES v. HAILE GOLD MINING CO.

JUDGMENTS—APPEAL—REFERENCE—MINOR.—Where a Circuit Judge on a motion to set aside a judgment, alleged to have been obtained for a minor without his knowledge, is not satisfied with the showing made but desires further evidence, he has the right to refer the matter to the master to take further evidence. Such order is not appealable, unless it deprive a party of a mode of trial to which he is entitled by law, or is assailed for want of jurisdiction.

Before HYDRICK, J., Kershaw, August, 1906. Affirmed.

Motion by Robert C. Bruce in case of W. J. Jones, H. Eugenia Jones, Robert C. Bruce *et al.* against Haile Gold

Mine Co. to set aside judgment as to him. From order referring the matter to master to take further evidence, defendant appeals.

*Messrs. Ernest Moore* and *T. Y. Williams,* for appellant, cite: *Section 195 of Code of Procedure extends to excusable neglect of attorney:* 17 S. C., 442; 51 S. C., 405. *Attorney for minor is presumed to have acted with authority until contrary appears:* 5 Rich. Eq., 200; 22 S. C., 263; 56 S. C., 1. *Acts done in public office must be taken notice of by parties in interest:* 56 S. C., 110. *There being no allegation of error or that different judgment should have been rendered, motion should have been dismissed:* 10 Ency. P. & P., 704; 56 S. C., 108; 1 S. E., 480.

*Messrs. Clarke & von Tresckow,* contra, cite: *This motion is to set aside the judgment according to rules of common law:* 15 Ency. P. & P., 244. *The principle of laches does apply here:* 18 Ency., 97, 101; 64 S. C., 298; 11 Ency. P. & P., 842, 843; 63 Tex., 28; 15 Ency. P. & P., 270.

January 21, 1908. The opinion of the Court was delivered by

MR. JOHN S. VERNER, ACTING ASSOCIATE JUSTICE. This is an appeal from an order of Judge Hydrick, dated August 15, 1906, referring it to the master of Kershaw County to take and report the testimony upon the issue indicated therein, and upon such others as either of the parties may desire, with his conclusions of fact thereupon, with leave to report any special matter. This order was made by Judge Hydrick, after hearing a motion to set aside the judgment in the case of W. J. Jones, H. Eugenia Jones, Robert C. Bruce *et al.,* plaintiffs, against the Haile Gold Mining Company, entered in the clerk's office for Kershaw County, in September, 1893, which motion was based upon an affidavit of which the following is a copy:

"State of South Carolina, County, of Newberry.

"Before me personally appeared Robert C. Bruce, who, being duly sworn, on oath says: that deponent is informed and believes, on or about the 23d day of August, 1893, an action was commenced in this cause in the Circuit Court for the County of Kershaw and State aforesaid, in which, as deponent is informed and believes, some judgment was entered by which the alleged rights and claims of the plaintiffs and defendants were adjudicated; that as deponent is informed and believes, his name appears as one of the plaintiffs in the action above stated; that at the time of the institution of said action, deponent was a minor, seventeen years of age; that no guardian *ad litem* was appointed for deponent in said action; that deponent did not employ or attempt to employ any one to represent him in the said action; that deponent did not receive any benefit from any judgment that may have been entered in said action, and did not know that any such judgment had been entered until after the institution of an action by this deponent against Haile Gold Mining Company for damages to his property, which action is now pending in the Circuit Court for Kershaw County aforesaid.                                 ROBERT C. BRUCE.

"Sworn to and subscribed before me this 23d day of March, 1906.                       J. Y. McFALL (L. S.)
    "(Official Seal.)                       N. P. for S. C."

The following is the order upon said motion made by Judge Hydrick:

"This is a motion in the above-stated case by Robert C. Bruce, who is named in the record as one of the plaintiffs, to vacate the judgment herein, upon the grounds, as alleged in his affidavit: that when the action was commenced, he was a minor, seventeen years old; that no guardian *ad litem* was appointed to appear for him; that he did not employ or attempt to employ any one to represent him in the action; that he received no benefit from the judgment; and did not know that the judgment had been entered, until after the

4—79

commencement of an action by him against the defendant for damages to this property, which action is now pending in this Court.

"This action was commenced in August, 1893, and judgment was entered in September, 1893. The judgment was pleaded in bar of the last action brought by Bruce by answer served 3d September, 1903. The affidavit upon which this motion is made is dated 23d March, 1906. It appears, therefore, that this motion was made two and one-half years after actual notice of the judgment, eight and one-half years after Bruce became of age, and twelve and one-half years after the entry of the judgment.

"There is nothing in the record to indicate that Bruce was a minor. It appears that he was represented by an attorney. It will be presumed that an attorney of record had authority to represent an adult client (56 S. C., 1). The presumption may, however, be rebutted. But as an infant can appear only by guardian *ad litem* (Code, 8136), I do not think the presumption applies to an infant.

"The motion is resisted on the grounds:

1. "That it is barred because not made within one year after notice of the judgment, under Section 195 of the Code.

2. "That it is barred by laches, under the authority of *Robertson* v. *Blair,* 56 S. C., 104; 34 S. E., 11.

"I do not think this case comes under the provisions of Section 195 of the Code. I do not see how it can be said that this judgment was taken against Bruce through his 'mistake, inadvertence, surprise, or excusable neglect.'

"That section applies to parties to the action, and the words used imply knowledge of the pendency of the action or proceeding, and the failure of a party thereto to take the steps necessary to protect his rights for one of the causes stated.

"In this case Bruce denies that he was a party, and that the Court had jurisdiction.

"I do not think the case of *Robertson* v. *Blair* is authority for the proposition that Bruce must be presumed to have

had notice of the judgment, merely because it was an act done in a public office open to the information of the parties interested. That would be true if Bruce had been served with process, or the Court had jurisdiction of his person, or if he had notice of the pendency of this action and that he was a party to it.

"An opinion must be construed in the light of the facts of the case under consideration. In *Robertson* v. *Blair,* Blair had been personally served with the summons, therefore he was a party to the action.

"The Court had jurisdiction of him. He knew of the pendency of the suit and that if not defended, judgment would be taken against him.

"Therefore he was held to have had constructive notice of the judgment. It may be remembered, however, in passing, that the Court held him affected with notice only from the date of his majority. I have examined the cases cited by the Court to sustain the proposition that 'an act done in a public office, open for information of the parties interested, must be taken notice of by them.' In every one of these an executor, administrator, or other trustee had filed in the office where he was required by law to account for his trust, a final settlement or other disavowal of his trust, which gave currency to the statute of limitations in his favor, and the parties interested were presumed to take notice of it, on the principles upon which presumptions are usually based. It would be a startling proposition to hold that every citizen of the State is affected with constructive notice of every act done in every public office in the State which might affect his rights.

"From the facts now before the Court, I could not charge Bruce with constructive notice of the judgment.

"If one knows that an action has been brought in his name, without authority, and takes no steps to intervene and protect his rights, he would be bound by the judgment on principles of estoppel.

"If a suit is brought without the knowledge or authority of the plaintiff and proceeds to judgment, the plaintiff should, after notice of the judgment, move promptly to set it aside; if he fail to do so promptly after notice, his laches may bar him of relief. I do not agree with counsel for Bruce that laches is an equitable doctrine, which can not be invoked in a law case. It was invoked successfully in the case of *Robertson* v. *Blair.*

"But laches implies something more than mere delay. *Hellams* v. *Prior,* 64 S. C., 298, 42 S. E., 106. It was said in *Robertson* v. *Blair* that the Court would take into consideration the lapse of time, the conduct of the defendant and other circumstances which may be suggested to have confirmed the judgment, or to have rendered the inference of the Court improper.

"The Court should be better informed as to the facts and circumstances under which this suit was commenced and proceeded to judgment, and the probability of Bruce's having had actual knowledge of the pendency of the suit and that he was a party to it, as well as the facts and circumstances since it is alleged that he had actual notice of the judgment, and whether his delay in moving after notice of it has or may result in prejudice to the defendant.

"His affidavit is not as full and clear as it might be, and yet it may have been thought and intended to be full enough to cover that which it leaves in doubt.

"For instance, he says that he did not employ or attempt to employ any one to represent him; but he does not say that no one was employed by his mother or other natural guardian to bring the suit for him.

"That might have been the case, and the failure to have a guardian *ad litem* appointed for him might have been due to a mere oversight. Such a state of facts would put a different phase upon the case. Again, he says he did not know of the entry of the judgment; but he does not say that he did not know of the pendency of the suit and that he was a party on the record; if he did have such knowledge he

would be charged with constructive notice of the judgment, at least from the date of his majority.

"If the judgment is absolutely void, for want of jurisdiction, it seems from the authorities that it makes no difference what was the nature of the cause of action or defense or whether the result might have been different; but where the judgment is merely voidable, it seems that they become pertinent inquiries. The failure to make it appear *prima facie* that he had a good defense was a circumstance relied on by the Court in *Robertson* v. *Blair.*

"The same principle was applied in *Crocker* v. *Allen,* 34 S. C., 463, 13 S. E., 650. However, that was an equity case, and possibly different principles are applied where a suit is brought in equity to set aside a judgment, though I see no substantial reason why there should be any difference; for, as I understand it, the Court exercises an equitable discretion in the decision of motions to vacate voidable judgments.

"Therefore, it might become important for the Court to be better informed as to the merits of the case.

"I must not be understood as deciding any facts involved in the merits of this motion. I have merely stated the facts as they now appear to the Court, and the principles of law applicable in such cases, to show that the Court is not as fully informed as to the facts and circumstances as it should be to make a satisfactory decision. That the Court may be so informed, I have concluded to order a reference.

"It is, therefore, ordered that it be referred to the master to take and report the testimony upon the issues herein indicated, and upon such others as either of the parties may desire, with his conclusions of fact thereupon, with leave to report any special matter."

This is an order of reference, and in Judge Hydrick's discussion therein of the law applicable to the cause and the facts as they appeared before him, he expressly refrains from deciding any of the issues, either of fact or law, raised by the motion before him.

He was not satisfied with the facts furnished by the affidavit of the plaintiff Robert C. Bruce and the inspection of the record of the case, and desired further testimony, and therefore made this order of reference.

This he had the right to do for the purpose of preparing for and speeding a hearing of the cause on its merits. Code of Procedure, Sec. 293. An appeal from such an order will not be entertained, unless it operates to deny to a litigant a mode of trial to which he is entitled by law or unless the order is assailed for want of jurisdiction. *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Devreux* v. *McCrady,* 49 S. C., 423, 27 S. E., 467; *Muckenfuss* v. *Fishburne,* 65 S. C., 574, 44 S. E., 77.

This order appealed from by the appellant does not operate to take from it a mode of trial to which it was entitled, and Judge Hydrick had the power to make the same, and the appeal is therefore dismissed.

MR. JUSTICE JONES *disqualified.*