7130

SHUTE v. SHUTE.

1. EVIDENCE—PAROL.—DELIVERY OF DEED may be shown by parol. Under
testimony here Court affirms finding below that deed was not deliv-
ered, although recorded.

2. STATUTE OF LIMITATIONS do not apply in favor of one in possession
of land under permission of one holding the legal title.

3. BETTERMENTS.—The claim for betterments disallowed here because
balanced by rents and profits received by party making them.

4. ESTOPPEL.—Defense of estoppel denied here on ground that defend-
ant knew that plaintiff had not intended to convey the land abso-
lutely.

5. DOCTRINE OF LACHES is applied to prevent the commission of a
wrong.

Before GAGE, J., Lancaster, June, 1908.   Affirmed.

Action by Howell H. Shute against Wm. H. Shute, John
Shute and Joseph D. Shute.   The following is the Circuit
decree:

"The primary issue involved here is this:

"Did the plaintiff intend the deed in controversy to be
delivered upon its signing, so as to convey the fee out of him
and into the defendants?

"At the outset the defendants object to, as incompetent,
any parol testimony to prove the negative of that issue.
The rule of evidence which rejects parol testimony, which
tends to vary a written instrument, is as old as the
law.   The matter of difficulty lies always in the ap-
plication of the rule.   The testimony here does not
tend to vary the words of the instrument.   The act and fact
of delivery is independent of the language of the instrument;
delivery consists of an act of the hand joined with a purpose
of the mind; it comes after the scrivener has done his work,
and after the signing of the paper.   Whether or not a deed
was delivered is an issue frequently made in the courts, and
has been since deeds were written.   If parol evidence, to

establish or to refute delivery, is incompetent, then the issue of delivery would never arise; for delivery rests not in words written, but in things done and said.    I think the testimony is competent.

"If the testimony of the witnesses be then received, it then clearly proves that the plaintiff never intended the deed to take effect and be delivered, so as to transfer the fee from himself to his sons, the defendants.    The old man so swears, and so does one of the defendants, and so did the defendant, Joseph, at another trial, and so does one of the law's witnesses, John P. Hunter.    The only testimony to the contrary is that of the defendant, Joseph, and the circumstances of the case.    And the defendant, Joseph, does not recite the circumstances of the making of the deed; he does not deny that they were as detailed by Hunter and by the old man; his testimony is directed chiefly to proving acts of dominion and ownership exercised by him and by his brothers, the other two defendants.    In the suit by *Howell H. Shute* v. *The Manchester Insurance Co.,* tried in 1898, Joseph has even testified that his father, Howell, always kept the deed; never delivered it to him; he never had it in his hands, and that he lived on the land by permission of his father.    That testimony, competent and relevant in this action, is inconsistent with the claim Joseph makes; it is consistent with the contention of the plaintiff, Howell H. Shute, and that of his other son, William.    The son and defendant, John, has not testified; he sold his interest to Joseph in November, 1906.

"I am, therefore, of the opinion that when the deed was signed it was not delivered to the sons, and that it was not the intention of the old man to put the fee and dominion out of himself and into his sons.

"I have not overlooked the circumstances relied upon by Joseph, which tend to show the contrary.    They are the recording of the deed, the improvements by Joseph, the return of the property in the names of the sons, the payment

of taxes by the sons, the execution of a mortgage by the sons. Most of these acts are technical and their import and the consequences of them are not apprehended by plain men. The fundamental issue is, did the old man mean to deprive himself of his property and give it to his boys? I think the circumstances do not overcome the force of his own oath and that of the witness to the deed, that he did not.

"Nor can I sustain the defenses set up by Joseph. They are the Statute of Limitations, a claim for improvements, estoppel by conduct and *laches* of the plaintiff.

"There is no room to apply the Statute of Limitations. There was no adverse holding by Joseph.

"There is a wide difference between the witnesses about the improvements. No disinterested witness testified. Joseph put the improvements at $1,200. The plaintiff put them at a hundred or two dollars. It is safe to assume the truth lies between these two estimates. If they be fixed at six hundred dollars, no harm can come to Joseph. He occupied the premises for fifteen years, cultivated a two-horse farm thereon, and paid no rent; he has lost nothing.

"The testimony does not warrant the application of the doctrine of estoppel to the plaintiff. Joseph was not misled by the plaintiff, for Joseph knew that the old man had not intended to convey away the land. And if the old man has waited too long to seek his remedy in a Court, he, and not the defendant, Joseph, has suffered thereby.

"The doctrine of *laches* is applied to prevent the commission of wrong.

"I am, therefore, of the opinion that the plaintiff is entitled to the relief he asks.

"It is, therefore, ordered and directed that the deed in issue be mutilated, and that the Clerk of this Court write upon the book where it was recorded the declaration that

the deed was mutilated, and that its record shall be no force whatever."

From this decree the defendant, Joseph D. Shute, appeals.

*Mr. J. Harry Foster, for appellant,* cites: *Evidence tending to change the deed to a will incompetent:* 42 S. C., 66; 27 S. C., 380; 20 S. C., 57; 40 S. C., 145. *Parol evidence not admissible to show delivery of deed:* 40 S. C., 328; 32 S. C., 400; McKilvey on Ev., 172; 43 N. Y., 279; 16 S. C., 843; 79 S. C., 154; 15 L. R. A. (N. S.), 589; Elliott on Ev., sec. 674; 16 S. E., 843; 37 S. C., 417; 43 S. C., 726; 50 S. C., 986; 12 Ency., 421; Whar. on Ev., sec. 511; 70 Am. St. R., 918; 36 S. C., 485; 19 S. C., 68; 37 S. C., 429; 38 S. C., 212; 74 S. C., 102; 63 S. C., 572. *Presumption from record of deed:* 19 S. C., 211; 52 S. C., 474; 9 Rich. Eq., 203. *Estoppel:* Big. on Estp., 453, 434; 13 S. C., 375. *Laches:* 52 S. C., 368; 12 Ency., 545; 52 S. C., 252; 68 S. C., 36; 26 S. C., 186. *Delivery of deed:* 90 Am. St. R., 164; 154 Ill., 199; 61 Am. St. R., 176; 96 Am. St. R., 312; 90 Am. St. R., 22; 61 Am. St. R., 915; 79 Am. St. R., 683; 73 Am. St. R., 452; 53 Am. St. R., 536; 65 Am. St. R., 296; 44 S. C., 372; 23 S. C., 91; 19 S. C., 215; Martindale on Conveyancing, secs. 205, 197, 222; 67 Am. Dec., 270; 50 Am. St. R., 188; 30 Am. Dec. 75; 55 Am. R., 399; 50 Am. St. R., 512; 33 Am. Dec., 688; 82 Am. St. R., 478; 61 Am. St. R., 132; 109 Am. St. R., 311; 20 Am. St. R., 189; 75 Am. St. R., 478; 57 N. E., 548; 33 Am. R., 172; 2 Am. R., 72.

*Mr. R. B. Allison,* contra, cites: *Statute of Limitations not applicable;* 77 S. C., 129; 35 S. C., 610.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. After careful consideration of the record, this Court is of the opinion that the reasoning of the

Circuit Court well supports the conclusions stated in the decree.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.