10120

FANNING *ET AL.* v. BOGACKI.

(98 S. E. 137.)

1. EQUITY—STATUTES OF LIMITATION—APPLICATION.—In suit to enforce an executory agreement whereby defendant purchased plaintiff's land upon sale in a partition suit, to hold the same for plaintiffs and reimburse himself from rents, the legal bar of the 10 and 20 year statute of limitations cannot be interposed by defendant.

2. SPECIFIC PERFORMANCE—ESTABLISHMENT OF ORAL CONTRACT—EVIDENCE.—In a suit to enforce an agreement whereby defendant purchased plaintiff's land upon sale in partition suit to hold for plaintiffs and reimburse himself from rents, evidence *held* sufficient to establish the agreement.

3. PLEADING — AMENDMENTS DURING TRIAL — CHANGING DEFENSES. — Defendant's motion for leave to amend answer by setting up statute of frauds, made after the case was argued, could not be allowed under Code Civ. Proc. 1912, sec. 224, where its effect was to change defense from denial of·oral contract to avoidance.

4. PLEADING—TRIAL AMENDMENTS—FURTHERANCE OF JUSTICE.—Defendant's motion for leave to amend answer by setting up statute of frauds, made after the case was argued, may be denied as not in furtherance of justice, in view of Code Civ. Proc. 1912, sec. 224.

5. SPECIFIC PERFORMANCE—LACHES—CONTRACT TO HOLD REAL ESTATE IN TRUST.—An oral contract by which defendant purchased land at a partition sale and agreed to hold the same for plaintiffs until defendant had reimbursed himself out of. the rents is valid at common law, and, where the reimbursement contemplated required a long time, a delay by plaintiff of about 19 years in beginning suit was not laches.

6. SPECIFIC PERFORMANCE—ACTIONS—PREMATURE.—An action for specific performance of a contract whereby defendant, purchasing land at partition sale, agreed to hold the same in trust for plaintiffs, brought before defendant had fully reimbursed himself from rents as agreed, but after he had repudiated contract and tried to sell the land, is not premature.

Before MOORE, J., Barnwell, Spring term, 1918. Affirmed.

Action by Lena Fanning and others against C. Y. Bogacki. Judgment for plaintiffs, and defendant appeals.

*Messrs. Harley & Blatt* and *G. M. Greene,* for appellant, submit: *That plaintiffs cannot succeed in their claim for specific performance because they have failed to make out a contract or agreement by satisfactory proof of such a clear. definite and certain contract as entitled them to specific performance; and there was no effort made to prove any part performance which might take the case out of the statute:* 68 S. C. 254. *The doctrine of equity that laches on the part of these plaintiffs in enforcing their claim can and should be applied by the Court of equity on its own motion or upon the argument of counsel without being pleaded:* 62 S. C. 89; 76 S. C. 107; McMillan's Equity 134; 10 Rich. Eq. 346; 2d S. C. 148; 24 S. C. 99.

*Messrs. Holman & Boulware,* for respondents, cite: *As to the question of immaterial variances:* Code of Procedure, sections 220 and 221; ·3 S. C. 410.

January 21, 1919.

The decree of the presiding Judge was as follows:

Decree: This is a suit in equity, the complaint in which alleges that in 1894 the land described in the complaint was sold by the master for Barnwell county in a partition suit among the plaintiffs, to which action W. H. Kennedy, holding two mortgages over the land, was made a party. That before said sale, the plaintiff, Mrs. Fanning, on behalf of herself and her children, had an oral agreement with C. Y. Bogacki, the defendant in this action, that he should buy in the land at this master's sale and hold the same until, out of the rents, he reimbursed himself for the outlay in the pur-

chase price and such sums as he should thereafter advance for the support of the said Mrs. Fanning and her children, whereupon he would reconvey the land to them. The complaint also alleges that, by reason of this alleged agreement being known at the sale, the bidding was chilled and the land was sold to the defendant at much less than its value— at a sacrifice unless the agreement be enforced. The complaint, among other things, prays for such relief as may be equitable and just.

The defendant answered by a general denial and pleaded adverse possession for 10 and 20 years. These two latter defenses are, of course, not applicable to this suit in equity. See *Blackwell v. Ryan*, 21 S. C. 124, where the Supreme Court uses this language: "It is undoubtedly true that 10 years' adverse possession gives title against all who are capable of suing and do not; but it seems to us that the legal bar of the statute cannot as such be interposed to a proceeding on the equity side of the Court for the specific performance of an executory contract. See *Smith v. Smith*, McMull. Eq. 134." Also, *Poston v. Ingraham*, 76 S. C. 167, 56 S. E. 780.

The action was referred to the master to take the testimony and comes up for hearing before me in open Court upon this testimony.

The undisputed facts are that in·1891, one G. S. Fanning was killed, and died seized and possessed of seven undivided eighths of the tract of land described in the complaint, the other one-eighth belonging to R. B. Fanning, who later conveyed it to the widow and children of G. S. Fanning. That he left surviving him his widow, Mrs. Lena Fanning, and certain infant children, the oldest being 20½ years and the youngest 4 years old at the time of the sale in 1894. These children or their heirs are all plaintiffs in this action. That G. S. Fanning had given two mortgages over this land to one W. H. Kennedy, now deceased. That in 1894 the land was sold by the master in a partition suit brought by

Mrs. Fanning against her children and the said mortgagee. There was only one bid, and that was made by Messrs. Patterson & Holman, who were the attorneys conducting that partition suit. Pursuant to that bid, the master's deed was made to the present defendant, C. Y. Bogacki, who was then and is now a resident of the city of Montgomery, Ala., and who is a brother of the plaintiff, Mrs. Lena Fanning. C. Y. Bogacki was not present at the sale. The amount bid was the exact amount due on the mortgages, principal $752.60, interest from the date of the decree to the date of the sale $35.12, and costs $40.78. For at least one year, if not more, after the sale the defendant, Bogacki, permitted the plaintiffs to collect and appropriate the rents from the land. He sent money to the plaintiffs, and continued it so long as their necessities required it. The disputed facts are: The alleged contract and the allegation that the bidding was chilled by reason of said alleged contract or agreement.

The plaintiff, Mrs. Fanning, testified that her brother, the defendant, promised to buy this land in, hold it until out of the rents he reimbursed himself for the outlay in purchase price and in advancements made to her, whereupon he would turn the land back over to her and her children. To corroborate her testimony there are two letters from the defendant to Mrs. Fanning, the testimony of her son, George, and the testimony of disinterested witnesses to the effect that there was a rumor afloat at the sale that the land was being bid in for Mrs. Fanning and her children. This together with the undisputed facts above mentioned and the testimony as to gross inadequacy of purchase price constituted the proof on the part of the plaintiff upon the question of whether or not the alleged oral contract did exist.

The proof on the part of the defendant upon this point is his denial of the existence of the alleged oral contract. In his testimony he would not deny that such a contract existed in letters he had written to Mrs. Fanning. The plaintiffs

do not rely upon a written contract, but merely introduced certain letters of the defendant for the purpose of corrobo rating the testimony of the plaintiff and used the letters in the cross-examination of the defendant, with the aforesaid results, which to some extent must weaken the defendant's strong denial that such an oral contract existed.

After a careful consideration of the testimony and exhibits, my conclusion is that the alleged oral contract did exist.

After the plaintiffs had argued their case the attorneys for the defendant made a motion for leave to amend their answer by setting up the statute of frauds. This motion is made under section 224 of the Code of Civil Procedure.

3, 4    This section is a limitation upon the power of the Court to grant amendments, and unless the proposed amendment falls within one of the four classes mentioned in that section the Court has no power to grant it; and, if it does, then it is not grantable as a matter of course, but the Court is called upon to exercise its discretion and determine whether the proposed amendment is in the furtherance of justice. The fourth class of amendments mentioned in section 224, that is, amendments during the trial, must not sub-. stantially change the claim or defense. *Knight v. Cotton Mill,* 80 S. C. 213, 61 S. E. 397; *Kennedy v. Hill,* 79 S. C. 270, 60 S. E. 689; *Jennings v. Parr,* 54 S. C. 110, 32 S. E. 73; *Cuthbert v. Brown,* 49 S. C. 513, 27 S. E. 485. Upon the authority of these cases, I hold that I have no power to grant the proposed amendment, for the reason that it substantially changes the defense from a denial of the oral contract to an avoidance of the same. 31 Cyc. 216.

In addition to the foregoing, however, such an amendment would not be "in the furtherance of justice," as required by the Code. Bliss on Code Pleadings (3d Ed.), sec. 431; *Suber v. Richardson,* 61 S. C. 393, 39 S. E. 540; *Coward v. Boyd,* 79 S. C. 134, 60 S. E. 311; *Wallace v. Dowling,* 86 S. C. 307, 68 S. E. 571, 138 Am. St. Rep. 1054, 31 Cyc. 216.

By specific performance both plaintiffs and defendants received justice.

I, therefore, refuse to allow the amendment, and the plaintiffs are entitled to specific performance, unless they are guilty of laches, which was advanced by the defendant in argument as a bar to relief to the plaintiffs.

. Are the plaintiffs barred by laches? What constitutes laches is not decided by length of time alone, but the question must be determined by the facts and circumstances of each case and according to right and justice. The doctrine of laches is applied to prevent the commission of a wrong. *Shute v. Shute,* 82 S. C. 264; 64 S. E. 145; note, Ann. Cas. 1914b, p. 314; *Hellams v. Prior,* 64 S. C. 298, 42 S. E. 106; *Hubbard v. Manhattan Trust Co.,* 87 F. 51, 30 C. C. A. 520. And the party who desires to maintain an objection founded on the other's laches must show himself to have been "ready, desirous, prompt and eager." Pomeroy's Eq. Juris., sec. 1408. This oral contract is valid at common law and in morals, and justice requires that it be enforced. The length of time over which it extended is not laches, because the contract itself contemplates a long length of time before its complete performance.

The acknowledged and reasonable confidence of the plain· tiff in the integrity and protecting love of the defendant fully explains the fact that they took no action against him until he attempted to violate the contract in 1913.

I, therefore, hold that laches is not a bar to specific performance of this contract. Nor is the action prematurely brought even if the defendant has not fully reimbursed himself, for he has repudiated the contract and attempted to sell the land. *Payne v. Melton,* 67 S. C. 233, 45 S. E. 154; *Crosby v. Ga. Realty Co.,* 138 Ga. 746, 76 S. E. 38.

It is, therefore, ordered, adjudged and decreed that when out of the rents of the said lands the defendant shall have reimbursed himself for the amount paid at the master's sale, $828.50, with interest at the legal rate, and such advance-

ments as he may have made to the plaintiffs, the clerk of this Court do execute and deliver to the plaintiffs a sufficient deed of conveyance, conveying to them in fee simple the land in question.

And it is further ordered, adjudged and decreed, that this cause be, and the same is hereby, recommitted to the master for Barnwell county, to take an accounting between the plaintiffs and defendant, and to report his findings of fact and law thereon to this Court forthwith. (Signed) Ernest Moore, Presiding Judge.

January 21, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons stated in the Circuit decree it is the judgment of this Court that the judgment of Circuit Court be affirmed.