12466

GREENVILLE COMMUNITY HOTEL CORPORATION v. REAMS

(143 S. E., 806)

1. PLEADING—TRIAL AMENDMENTS OF PLEADINGS MUST NOT SUBSTANTIALLY CHANGE CLAIM OR DEFENSE (CODE CIV. PROC. 1922, § 436).—Amendments of pleadings made during or after trial must not change substantially the claim or defense, and must not substitute a new claim or defense, under Code Civ. Proc. 1922, § 436.

2. PLEADING—WHERE ANSWER IN SUIT ON STOCK SUBSCRIPTION ALLEGED BLANK CONTRACT WAS BY MISTAKE FILLED IN FOR GREATER AMOUNT THAN DEFENDANT AUTHORIZED, COURT PROPERLY REFUSED TO PERMIT TRIAL AMENDMENT TO CLAIM REFORMATION (CODE CIV.

PROC. 1922, § 436).—In action on stock subscription, in which defendant alleged that blank contract had been filled in by plaintiff's agents by mistake for amount in excess of that authorized, refusal of Court to permit trial amendment of defendant's answer to seek reformation of contract *held* proper, under Code Civ. Proc. 1922, § 436, where no attempt was made to show any *bona fide* mistake in setting up defense in original answer; and in any event the ruling of the trial Court was not an abuse of discretion.

Before ANSEL, J., County Court, Greenville, December, 1926. Affirmed.

Action by the Greenville Community Hotel Corporation against S. W. Reams. Judgment for plaintiff and defendant appeals.

*Mr. H. P. Burbage,* for appellant, cites: *Allowance of amendments:* Sec. 436, Code Proc. *Parties bound for what they intended to be bound by:* 6 R. C. L., 835; 9 Ind., 135; 30 Am. Dec., 696. *Where circumstances are such that failure to read is excusable, not precluded from avoiding contract:* 6 R. C. L., 625; 133 Ga., 56; 134 A. S. R., 196. *Mutual mistake:* 132 S. E., 617; 115 S. C., 459; 1 Story Eq. Jur. (14th Ed.), 161-204; 178 U. S., 373.

*Mr. E. M. Blythe,* for respondent, cites: *No fraud or mistake having been alleged it was necessary under the pleadings as filed for the Court to exclude the testimony:* 124 S. C., 211; 129 S. C., 233; 136 S. C., 496. *Allowance of amendments during trial:* Sec. 436, Code Proc. *Properly refused here:* 113 S. C., 317; 31 S. C., 204; 49 S. C., 513; 24 S. C., 165; 21 S. C., 221; Id., 226; 60 S. C., 477; 111 S. C., 376; 115 S. C., 17; 134 S. C., 324; 115 S. C., 452.

June 13, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The plaintiff commenced this action in the County Court for Greenville County to recover from the defendant the sum of $2,000, with interest, attorney's commission, and costs. The basis of the action was a contract of subscription

to shares of the capital stock of the plaintiff corporation, which later erected the Poinsett Hotel, and a promissory note given as evidence of the obligation.

The complaint alleges that on the 26th day of October, 1923, the defendant, in writing, subscribed for 20 shares of the capital stock of the plaintiff corporation of the aggregate par value of $2,000, and agreed to pay this amount to the plaintiff in certain installments, with interest from the maturity dates and attorney's commission in case the note be placed with an attorney for collection, and that the plaintiff made demand for the payment of the subscription and the defendant failed and refused to pay the same.

By his answer the defendant denies that he agreed to subscribe for $2,000 of the capital stock of the corporation, but alleges that he agreed to subscribe for 10 shares, of the value of $1,000, and that he "instructed and authorized the canvassers who approached him at the time alleged in the complaint to fill out the blank contract and note after he had signed same for said sum," and that "it was through the inadvertence, error, mistake, and misunderstanding on the part of said canvassers that said blank contract and note, which were subsequently filled out by them, or some one else, that it was made to appear that defendant had subscribed for 20, instead of 10 shares of the capital stock of said corporation." He further alleged that he was ready to pay the $1,000 which he had agreed to subscribe.

At the trial of the case the plaintiff placed in evidence the contract and the note (on one sheet of paper), proved that no payment had been made thereon, and rested. In the contract the number of shares subscribed for was represented by "20" printed in red and in larger size than the other figures and words. In the note "$2,000" and the words "two thousand" immediately preceding the word "dollars" were also printed in larger letters and in red.

The defendant offered as a witness J. T. Henderson, the canvasser who took the subscription. There was nothing

in the testimony of this witness tending to show that there was a mistake on the part of the canvasser, as alleged in the answer; on the contrary, he stated on cross-examination that the paper was open and spread out in front of the defendant, and that the two thousand dollars was printed in the paper, when the defendant signed it.

The defendant was then sworn as a witness in his own behalf and attempted to relate a conversation between himself and Henderson during the negotiations leading up to the signing of the papers. Plaintiff's counsel objected to this testimony on the grounds that, if it did not relate to the contract it was irrelevant; that, if it did relate to the contract, it would tend to vary the terms of the written instrument signed by the defendant; that there was no allegation of fraud or misrepresentation on the part of the plaintiff in securing the signing of the papers; that there was no allegation that the defendant signed the papers as a result of a mutual mistake or a mistake on the part of the maker induced by fraud of the agent of the payee; and that no equitable defense was set up and no reformation sought in the answer.

The Court excluded the testimony and defendant's counsel made a motion in this language: "we now ask for reformation and ask that we be allowed to amend the answer for reformation of the contract we signed." The language of the motion does not make clear the exact amendment sought, but counsel for both parties have treated the motion as one to amend by setting up an equitable defense and seeking reformation of the contract. The case itself does not show that the trial Judge made any ruling on the motion, but some of the exceptions are based upon a refusal to grant same and counsel for both parties agreed that the motion was refused, and we shall so consider it.

Section 436 of the Code of Civil Procedure is as follows:

"The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any

pleading, process or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The cases construing this section are not in harmony; they are said by Mr. Justice Woods, in *Taylor v. Railway Co.*, 81 S. C., 574; 62 S. E., 1113, to be "irreconcilable." The principal difficulty seems to have arisen in connection with the question whether a new cause of action or a new defense can be incorporated into the case by an amendment, or, another aspect of the same principle, whether an amendment can be allowed which will substantially change the claim or defense. What ever may be said as to amendments *before trial,* the decided cases generally hold that an amendment made during or after trial must not change substantially the claim or the defense; *a fortiori* it must not substitute a new claim or a new defense. See *Hall v. Woodward*, 30 S. C., 564; 9 S. E., 684, which is cited with approval in numerous subsequent cases; *Fanning v. Bogacki*, 111 S. C., 376; 98 S. E., 137. *Kennedy v. Hill,* 79 S. C., 270; 60 S. E., 689. *Taylor v. Railway Co., supra. Clayton v. Mitchell,* 31 S. C., 199, 9 S. E., 814, in which Mr. Justice McIver, speaking for the Court, said: .

"The provisions of the Code in respect to amendments are certainly liberal enough to save parties from the effects of a mistake, which even the most careful persons may sometimes fall into, but such amendments must be applied for at the proper time, and a party cannot be permitted, after planting himself upon a certain ground of action or defense, and finding it unsuccessful, to shift his ground and renew the controversy upon other grounds which he might have taken in the first instance. This would lead to interminable

litigation, whereas the time-honored maxim is: *'Interest reipublicæ ut sit finis litium."*

In the *Kennedy case* it was said, very succinctly:

"When the amendment is made at or after the trial it must not change substantially the claim or defense."

We think this principle is sound. In the present case the amendment was sought during the trial and, if granted, would have set up an entirely new defense and would have substituted an equitable defense for the legal defense already interposed. We do not think that such an amendment is proper. *Fanning v. Bogacki, supra. Martin v. Palmer,* 115 S. C., 17; 104 S. E., 308. *Jordan v. Jordan,* 130 S. C., 330; 125 S. E., 910. If it be insisted, however, that the amendment was sought for the purpose of "correcting a mistake," we remark that no attempt was made by defendant's counsel to show any *bona fide* mistake in setting up the grounds of defense in the answer. *Taylor v. Railway Co., supra.* But even if it was in the power of the trial Judge to allow the amendment, we find nothing in the record indicating an abuse of his discretion in disallowing it. The exceptions imputing error to the Court in refusing to grant the motion must therefore be overruled.

There are several other exceptions, but they are all without merit, and it is unnecessary to discuss them here.

The judgment of the County Court for Greenville County is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN, disqualified.