14417

BLUE BIRD ICE CREAM CO. v. AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS.

(189 S. E., 657)

*Messrs.: L. K. Brice, H. L. Bomar* and *Lyles & Daniel,* for appellant,

*Messrs. Johnson & Johnson,* for respondent,

January 20, 1937.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The appeal in this case involves a construction of the complaint for the purpose of determining the nature of the cause of action therein alleged, if any, and a review of certain rulings of the trial Court, made at the inception and during the course of the trial.

The plaintiff is a South Carolina corporation engaged in the manufacture and sale of ice cream, with its principal

place of business in Spartanburg. In the conduct of its business it maintains a manufacturing plant in the City of Spartanburg, where normally 25 to 35 employees are regularly employed. In addition to its manufacturing plant, the plaintiff operates various retail stores as outlets for the sale of its product. Prior to October 6, 1932, the plaintiff carried a policy of employers' liability insurance with the United States Fidelity & Guaranty Company, through its local agent at Spartanburg, which policy insured the plaintiff against liability for injuries to employees at its manufacturing plant while operating or riding on elevators.

Shortly prior to October 6, 1932, which was the expiration date of its insurance policy with the guaranty company, the plaintiff, through the solicitation of the defendant's local agent, applied for a similar policy with the defendant company, containing the same coverage. In acting upon the application, the defendant issued to the plaintiff an employers' liability insurance policy, but the policy did not contain any coverage for elevator accidents suffered by employees. This policy was issued for one year, and it is alleged that when the policy was delivered by the defendant's agent to the plaintiff the assurance was given that it was an exact duplicate of the insurance coverage contained in the policy it held with the guaranty company. The plaintiff did not read the policy and did not refer to it again until about August 16, 1933, near the close of the term for which it was issued, when one of its employees was injured as the result of its negligence in the maintenance and operation of an elevator in its manufacturing plant. This accident was reported to the defendant company, through its local agent, whereupon it denied liability under the terms of the policy it had issued, and refused to defend the action brought against the plaintiff by the injured employee. The action for damages instituted by the employee resulted in a judgment against the plaintiff, and the judgment was finally settled by the plaintiff for the sum of $1,534.00.

The present action was brought by the plaintiff against the defendant to recover damages, actual and punitive, in the sum of $2,900.00, and resulted in a verdict for the defendant by direction of the Court.

The plaintiff alleged that the representation of the defendant that the policy issued by it covered injuries to employees arising from the use of the elevator was false and fraudulent, and was a part of a cunning scheme devised by the defendant for the purpose of selling employers' liability insurance, obtaining premiums under false representations, and thereby avoiding the probable and possible liabilities incident to such underwriting; and it further alleged that because of the fraudulent acts of the defendant, and because of its failure to protect the plaintiff against liability, plaintiff was damaged to the extent of the amount alleged. The prayer of the complaint is for the recovery of this sum of money and for the costs of the action.

At the inception of the trial, the defendant moved the Court to require the plaintiff to state the theory of the case upon which it intended to proceed to trial, and argued that the case, as brought, stated only an action for breach of contract accompanied by a fraudulent act. Counsel for the plaintiff then asserted that the action was brought for the "breach of the contract,—just *ex contractu* and reformation." Whereupon the defendant, without waiving its contention as to the nature of the action, moved the Court to require the plaintiff to elect. Counsel for the plaintiff replied by stating that, "We rest our case as an action for breach of contract." The record discloses quite an extended colloquy between the Court and counsel for the litigants in the efforts to determine, not only the character of the cause of action alleged in the complaint, but more particularly to determine the nature of the action actually to be tried. In the course of this colloquy, one of the counsel for the plaintiff stated, "We sue on the policy, and ask if anything on its face doesn't cover employees while riding on elevators, that it be reformed

to that extent." This suggestion, however, was evidently not intended as a motion to amend at that state of the trial. It was not so considered, nor pressed, nor ruled upon.

An examination of the complaint—which is quite lengthy, and which contains no separate statement of causes of action—leads inevitably to the conclusion that the action therein set forth is based primarily upon a fraudulent breach of contract; but this theory was disclaimed by the plaintiff when trial was entered upon, and the statement made that the plaintiff proposed to proceed upon a cause of action founded upon simple breach of contract. The trial Judge, in construing the complaint, held that it stated no cause of action for reformation; that the contract declared upon was the policy actually issued by the defendant to the plaintiff, and he limited the evidence to proof of the breach or violation of this contract. In view of the confused condition of the pleading and the statements of counsel, it is difficult to see how the trial Judge could have ruled otherwise.

Since the insurance contract issued, as alleged in the complaint and conceded in the evidence, did not protect the plaintiff against liability to employees on account of injuries arising from the use of its elevator, this ruling on the part of the trial Court foredoomed the plaintiff to defeat, unless it were permitted to offer parol testimony tending to alter the terms of the written contract. The Court held that in the absence of appropriate allegations in the complaint no evidence was admissible tending to reform the contract.

It becomes necessary, therefore, at the threshold of this case to determine from the allegations of the complaint whether a cause of action for reformation of the insurance contract has been substantially stated.

The appellant contends that the complaint contains all essential allegations necessary to state a cause of action for reformation, and that parol evidence was admissible to show mutual mistake; and further contends that an action to reform a written instrument and to enforce

it as reformed may be joined in the same complaint. We fully agree with the latter statement upon the authority of the cases of *Boyle Company v. Automobile Ins. Co. of Hartford, Conn.,* 168 S. C., 63, 166 S. E., 886, and *Central Ice Cream & Candy Company v. Home Ins. Co.,* 171 S. C., 162, 171 S. E., 797, and Pom. Eq. Jur., §§ 87, 183. But we are unable to concur in the correctness of the first proposition above stated. Construed by its allegations and plain intendment, the complaint is bare of any element setting forth a cause of action for reformation. Nowhere in the complaint is there any allegation of mutual mistake, nor anything that would lead one to suppose that the plaintiff was seeking reformation of the insurance contract. While not conclusive or controlling, it is significant that the prayer for judgment makes no reference to the reformation of the policy contract.

The oft-quoted saying that a cause well pleaded is a cause half won, contains more than a modicum of truth. And no doubt the converse of this statement is true. The rule of liberal construction does not make good pleadings less necessary or desirable and while the pleader is to be given the benefit of every allegation made or reasonaby implied from the language employed, there must be sufficient facts stated to furnish a reasonable basis for the implication or inference. As was well said by the Supreme Court of Wisconsin in *Scholtz v. Kerschensteiner,* 194 Wis., 92, 100, 215 N. W., 889, 891: "While pleadings under the Code must be liberally construed, they cannot be so loosely drafted as to make them a mere hit-or-miss proposition. A good pleading is just as desirable at the present day as it was under the old common-law system of pleading, and a pleader cannot grow hot one moment and cold another. He must stand by the cause of action he clearly intended to express."

The appellant argues that the procedure followed in the case of *Central Ice Cream & Candy Company v. Home Insurance Company, supra,* should have been adopted in the instant case by the Court below. But it inadvertently over-

looks the fact that the issue of reformation raised in that case was specifically set up by the pleadings, and it was prayed that "the Court should reform the policy so as to make it conform to the real agreement of the parties."

In the case of *Maryland Casualty Company v. Gaffney Mfg. Co.,* 93 S. C., 406, 76 S. E., 1089, also relied upon by the appellant to sustain the proposition that parol evidence should have been admitted to establish the contract so as to make it conform to the true intention of the parties, the Court held that the insurance policy in question contained sufficient internal evidence itself, which when aided and explained by other facts and circumstances in evidence, showed a case of latent ambiguity.

In the case at bar the policy of insurance issued to the plaintiff was plain and unambiguous. There was no internal evidence of any latent ambiguity inviting explanation, and for that reason the trial Court was correct in striking out evidence tending to change and alter the terms of the written contract, which in effect would have reformed it.

All claim of fraud against the defendant having been abandoned at the outset of the trial, and there being no allegation showing mutual mistake in the formation of the contract between the parties, the complaint alleged no facts upon which an equitable cause of action for reformation of the policy could be maintained.

At the close of the plaintiff's testimony, and following the motion made by the defendant for a directed verdict, the plaintiff moved to amend its complaint by asking for the reformation of the policy contract in issue. This motion came too late. *Greenville Community Hotel Corporation v. Reams,* 146 S. C., 203, 143 S. E., 806; *Taylor v. Atlantic C. L. R. Co.,* 81 S. C., 574, 62 S. E., 1113.

The precise questions adjudicated by the Circuit Court in this case were that the plaintiff's action was based exclusively upon the policy contract as written, and that the

complaint did not state a cause of action for reformation. These questions have been passed upon as presented, and the opinion does not purport to decide any other issues.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.