**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Robert E. Smith and William K. Smith, Appellants,

v.

Erskine College, Respondent.

Appellate Case No. 2015-001660

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-024
Heard November 7, 2017 – Filed January 17, 2018

**AFFIRMED**

James Randall Davis, of Davis Frawley Anderson
McCauley Ayer Fisher & Smith, LLC, of Lexington,
Nikki Giles Setzler, of Setzler & Scott, P.A., of West
Columbia, and William Joseph Maye, of Columbia, all
for Appellants.

Roy R. Hemphill and Hannah Khristin Metts, both of
McDonald Patrick Poston Hemphill & Roper, LLC, of
Greenwood, for Respondent.

**PER CURIAM:**  Appellants Robert and William Smith appeal the trial court's order in favor of Respondent Erskine College (Erskine).  Appellants filed this action in 2011 seeking to enforce certificates, which Erskine issued in 1854, granting free tuition.  The trial court ruled the certificates were unenforceable under the equitable principles of laches and stale demand.  Appellants claim the trial court erred because (1) the certificates were investments with no expiration date; (2) the certificates were valid contracts; and (3) the doctrines of laches and stale demand were inapplicable under these circumstances.  We affirm.

The trial court determined this action was equitable in nature because Appellants primarily sought specific performance.  During the trial, Appellants did not object or dispute the trial court's characterization of this action as equitable, and they did not appeal the finding to this court.  "In an appeal from an action in equity, tried by a judge alone, this [C]ourt may find facts in accordance with its own view of the preponderance of the evidence." *Lowcountry Open Land Tr. v. Charleston S. Univ.*, 376 S.C. 399, 407, 656 S.E.2d 775, 779 (Ct. App. 2008).

The trial court properly found the doctrine of laches barred Appellants from enforcing the certificates.  *King v. James*, 388 S.C. 16, 28, 694 S.E.2d 35, 41 (Ct. App. 2010) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights."); *id*. (explaining for a party to establish the defense of laches, it must show "(1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice"); *id*. (noting the type of prejudice required to assert the defense of laches involves prejudice or expense caused by the unreasonable delay); *Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 297, 519 S.E.2d 583, 599 (Ct. App. 1999) ("The failure to assert a right does not come into existence until there is a reason or situation that demands assertion."); *Fanning v. Bogacki*, 111 S.C 376, 381, 98 S.E. 137, 138 (1919) (recognizing the defense of laches could bar a claim for specific performance of a contract).

We find Erskine's decision following the Civil War to accept the certificates as only a partial payment of tuition triggered Appellants' obligation to demand Erskine honor the certificates in full.  Appellants received notice of Erskine's decision through publication in local periodicals, and since Erskine's decision, Appellants and their ancestors failed to assert their alleged rights under the certificates for well over 100 years.  Appellants offer no explanation for the delay other than they were allowing their "investment" to grow.  This is an unreasonable explanation for such a long delay in light of Erskine's public decision to

significantly devalue the certificates. Further, enforcement of the certificates in the present day would prejudice Erskine. After a delay of over 100 years following the decision to devalue the certificates, Erskine reasonably believed the certificates no longer had value and no one would attempt to redeem them for full tuition. Under such a reasonable belief, Erskine understandably failed to account for such a large liability[1] in its budget and having to compensate for such a liability would be a significant burden for Erskine. As a result, Erskine would be prejudiced by enforcing the certificates after such an unreasonable delay. Thus, Erskine carried its burden of establishing the elements of laches, and the trial court properly refused to enforce the certificates based on laches.

Furthermore, with regard to Appellants' claim that their action could not be barred by laches because the certificates were a contract or bond investment, we disagree. In an equitable action for specific performance, laches can bar enforcement of a contract or bond investment if the defendant can establish a prejudicial delay that was unreasonable under the circumstances. *See id.* (recognizing the defense of laches could bar a claim for specific performance of a contract). Thus, even if Appellants' certificates were a contract or bond investment, Appellants were obligated to pursue their rights under the certificates within a reasonable time following Erskine's decision, made shortly after the Civil War, to devalue the certificates. Therefore, we reject Appellants' claim that their action to enforce the certificates could not be barred by laches.

Because these rulings are dispositive of any remaining issues, we decline to rule on them. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] Appellants seek the equivalent of twenty-five years of tuition, which the record reflects would be valued at over $700,000.